THE WESTERN MASSACHUSETTS INSURANCE COMPANY v. OWEN DUFFEY.

*Error from Leavenworth County.*

A general averment in a petition against an Insurance Company, that the defendants were authorized to effect insurance, covers fire as well as other insurances.

A general averment of an agreement to insure, authorizes the proof of an insurance against fire.

The want of sufficient certainty in the statement of facts, if it be a defect, is one of form only, and is not a cause of demurrer, but *semble*, the Court may on motion require the pleading to be made definite, under Sec. 128 of the Code.

The defendant below having failed to avail himself of the provisions of that section on the trial, he will not be allowed to invoke the aid of this Court on the grounds that the petition does not state sufficient facts.

Where the petition avers that the defendants are a foreign Insurance Company created by virtue of, and duly organized under the laws of Massachusetts, for the purpose of, and with full power to effect insurance upon goods, &c., and at the time of the contract sued upon, were engaged in the business of insuring goods, &c., against loss by fire, and also sets forth an agreement to insure the plaintiff's goods, and also alleges a loss by plaintiff of the goods by fire, the record showing a judgment below in favor of plaintiff, and failing to give all the evidence, *held* that it is to be presumed that the plaintiff proved *that the* defendants were a foreign corporation, and that their charter did authorize an insurance against fire, and proved an agreement so to insure plaintiffs goods; *held* that such facts might properly be proved under the pleadings, *held* that the question whether the defendants are a corporation or not is no part of the cause of action. Where the petition alleges in addition that the defendants are a foreign corporation, referring to the act of incorporation, *held* that in this case, so far as the objection to the introduction of evidence for want of sufficient facts being plead, is concerned, the allegation is sufficient without setting out the act of incorporation.

Where the defendant in error agreed to pay plaintiff $47.50 as premium within one month, and where plaintiff in error agreed to deliver within a month an insurance policy to defendant, *held* that the consideration of the stipulation on either side was the promise made by the other; *held* that either could perform at any time during the month, and that plaintiff in error was not bound to deliver the policy until the end of the month. No demand was necessary.

In A. D. 1860, contracts of insurance were not required by law to be in writing. *Semble*, they *may* be now under the revenue laws.

· Where the petition alleges an agreement to insure a certain quantity of saddlery, harness, saddlery hardware, whips, and a great variety of other goods, &c., and alleges that "said stock of *saddlery* was the property of this plaintiff" below, under an objection that the petition does not state sufficient facts, *held* that alleging ownership in the saddlery alone, does not show a want of facts, and could at most only limit the amount of recovery.

In such action, where defendant below introduced in evidence a writing signed by plaintiff below, setting forth that "in consideration of the payment by the H. Ins. Co., of $1,000," the plaintiff below "waived all claim he might have against defendants below, under any policies, &c., and where plaintiff introduced testimony tending to prove that the paper was given to the common agent of the two companies, on the refusal of the agent to pay the $1,000, admitted to be due on a policy of the H. Ins. Co., unless the plaintiff would sign, *held* that the liquidation of the claim against the H. Ins. Co., was no consideration for a release against plaintiff in error, and that the jury were the proper judges of want of consideration.

The evidence not all being on the record, the Supreme Court can form no opinion whether the verdict was against the evidence or not.

The record discloses no instructions of the Court, and does not purport to give all the evidence, only such portions of it as were necessary to show the connection of that specially excepted to, and that which was so specially excepted to. This appears sufficiently full in the opinion of the Court.

The amended petition is as follows:

"The plaintiff above named complaining of the said defendants, says, that the said defendants are, and on the 1st day of July 1860, were a foreign insurance company created under and by virtue of, and duly organized and incorporated under the laws of the State of Massachusetts, for the purpose of effecting, and with power to effect insurance, (among other things,) upon goods, chattels, and stock in trade. That said insurance company has, and did have on the 1st day of July 1860, an agency for the transaction of its insurances in the City of Leavenworth, County and State aforesaid, and at the time aforesaid, were engaged in said city in the insurance business aforesaid, insuring goods,

chattels, and stock in trade, against loss or damage by fire, —that Claudius B. Brace, at the said time, to-wit: on the 1st day of July 1860, and long prior thereto, and has ever since, and is now, the duly authorized agent of said company at the city aforesaid, to receive on behalf of said company, application for insurance, and to issue, make out and deliver policies for the same, and to fix and receive premiums upon such applications for insurance, and was duly authorized as the general agent of the said defendants, at the city aforesaid, to effect insurance for the said defendants, to receive proofs of and adjust losses, and to do and perform at said locality, all such matters and things as were requisite in the conduct of the said business of the said defendants.

"That on the said 1st day of July 1860, this plaintiff made application to the said defendants, through their said agent at the city aforesaid, for insurance, to the amount of one thousand dollars, for the term of one year from that date, upon plaintiff's stock of saddlery, harness, saddlery hardware, whips, and a great variety of other goods, such as are usually kept for sale in a wholesale and retail country saddle and harness manufactory, contained in plaintiff's wooden frame one story house, situate on the south side of Delaware Street and on lot No. 24, in block No. 45, in said City of Leavenworth, then owned and occupied by said plaintiff, and at the same time agreed to pay to the said agent of defendants, the sum of $47.50 as premium upon, and other charges for, such application and policy of insurance, within one month from that date, at which time the said agent acting for said defendants, as aforesaid, agreed to make out and deliver a policy of insurance on said goods, chattels, and stock in trade, within the time aforesaid, and that said policy of insurance should date from the first day of July 1860.

"Plaintiff alleges that said agent of said defendants, had at the time aforesaid full power to contract for insurance, as aforesaid, and had prior to that time agreed with plain-

tiff and others in the city aforesaid, to insure goods, chattels, and stock in trade, and buildings, and to receive the premium one month after the date of policy of insurance.

"Plaintiff further says, that on or about the 9th day of July 1860, the said stock of saddlery, harness, saddlery hardware, whips, and all such other articles described as aforesaid, in said frame house so situated as aforesaid, took fire and were entirely burned up, whereby the entire stock of goods and chattels was a total loss to plaintiff; said stock was at the time of said loss, of the value of $3,000 to the damage of said plaintiff, in the sum of $1,000.

"That at the time of said application and agreement to insure, and from thence to the time of said loss, the said stock of saddlery was the property of this plaintiff. And said plaintiff further says, that he gave notice of said loss to the said defendants, through their said agent and performed all other conditions precedent to his right to recover in this action.

"That on or about the 25th day of July, A. D. 1860, plaintiff tendered, according to law the sum of $47.50 to the defendants aforesaid, it being the sum agreed upon as the premium and cost of policy and survey, and demanded of said defendants through their said agent, the policy of insurance, according to the agreement aforesaid, whereupon said defendants refused, and failed to deliver said policy of insurance by their said agent."

The petition further avers a demand and concludes with a prayer for judgment and other relief.

The answer denies in general and specific terms all the allegations of the petition except the destruction of the house and stock by fire, but denies that the loss was total, and alleges that the same property was at the time of the loss insured in other insurance companies to the full value.

No demurrer was filed to the amended petition, but on the calling of the cause the defendant objected to the introduction of testimony because the petition did not state

facts sufficient to constitute a cause of action. The Court overruled the objection, the trial proceeded and a verdict was rendered for the plaintiff. Defendant moved for a new trial, which motion was overruled, and he brings the cause here for revision. Other facts appear in the opinion.

*Hemmingray and Gambell* for plaintiffs in error.

*S. A. Stinson* for defendant in error.

*Stinson* submitted the case for defendant in error on the following points made in his argument :

1st. The general ruling of the Court upon the general motion to exclude evidence on the ground that the petition did not state facts sufficient to constitute a cause of action, cannot be reviewed here, the motion not specifically pointing out the objection. Had it done so an amendment might have been had. *Merritt* v. *Lamman*, 6 *Barb.*, 330 ; 4 *Abb. N. Y. Dig.*, 130.

2d. The averment that the company was authorized to insure, covers all kinds of insurances—fire as well as others.

3d. An agreement to insure generally, is averred, and under that, plaintiff had a right to prove an insurance against loss by fire.

4th. The insurance company appeared and pleaded. It is to be presumed the contrary not appearing, that the necessary proof was made as to the act of incorporation, to warrant the verdict. If advantage was sought to have been taken to the introduction of evidence, the objection should have been made. No objection appears.

5th. By pleading in its corporate capacity and name it confessed its corporate existence.

6th. Tender.—An absolute refusal to receive the money, or to do the act in consideration of which the money is to be paid, is a waiver of tender. *Stone* v. *Sprague*, 20 *Barb.*, 509 ; *Singerland* v. *Morse*, 8 *Johns.*, 474 ; *Everett* v. *Salters*, 15 *Wend.*, 474.

We proved tender and refusal.

The company might perhaps have been entitled to the whole month of July in which to deliver the policy, but if so, equally is it true that performance on either part at any time within the month was good.

7th. The *receipt or release*,—it says "*on all policies issued previous to July 7th,* 1860." No such policy was ever issued to cover this loss. We do not claim upon one, but upon an agreement to issue. The Court cannot presume that agreements to issue policies were intended as "policies issued."

The release is void for lack of consideration. We had a policy in the Hartford Insurance Company for $1,000, and the money was due on it.

Verbal Insurance,—1 *Phillips on Ins., Sec.* 8-9 ; 19 *Howard* 318; 18 *Barb.,* 69 ; 19 *N. Y.,* 305; 23 *Wend.,* 18.

*By the Court,* KINGMAN, J.

The errors alleged in this case are, that the petition does not state facts sufficient to constitute a cause of action, and that the verdict is against the evidence and contrary to law.

On the part of the plaintiff in error it is claimed that the petition is defective in nine distinct particulars, but as the 5th is a mere corollary from the fourth and must stand or fall with it, it is omitted ; the 6th alleged defect is omitted as it is embraced in the 8th.

The defects alleged are as follows :

" 1st. It does not allege that the defendants charter authorized the company to insure against loss or damage by fire.

"2d. It does not allege any agreement to insure against any loss or damage by fire.

"3d. It does not allege the title and date of the passage of the act of incorporation of the defendant, nor is the act of incorporation referred to at all.

"4th. That the tender of money and demand was not alleged to have been made on the 1st day of August.

"7th. The money tendered should have been brought into Court, and it must have been so pleaded.

"8th. The alleged agreement is incomplete, and is no agreement at all.

"9th. That plaintiff does not aver that he was the owner of anything but the *saddlery* from the time of the commencement of the risk to that of the loss."

The first and second objections present substantially the same principle, and may be considered together.

The averment that the defendants were authorized to effect insurance generally, covers all kinds of insurance, fire as well as others, while the averment of an agreement to insure generally, authorized the proof of an insurance against fire. The want of sufficient certainty in the statement of facts, is not a cause of demurrer. The Code has provided another mode of correcting such a defect in pleadings. Section 128 provides that "when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain."

The most that is or can be claimed of these averments of the petition, is that they do not allege definitely the kind of insurance authorized by the charter, and agreed between the parties. If the defendant felt that his defense in this case was likely to be embarrassed by reason of the kind of insurance not being mentioned, he might by motion have applied to the Court to compel an amendment.

The defect, if it be one, is one of form only, and it is to be corrected under Section 128, while the Court here is called upon to pass upon it as a matter of right of the defendant. It would be against the whole spirit of the Code, if a mere defective statement in a petition were allowed to pass unnoticed until after a trial and verdict was had, and then for the first time invoke the judgment of the Court as

45

to the definiteness and certainty of the averment on the alleged ground that facts sufficient to constitute a cause of action are not stated in the petition. 12 *N. Y. R.*, 443.

The evidence not appearing it is to be presumed that the plaintiff proved that the defendant's charter did authorize an insurance against fire, and an agreement to so insure the plaintiff's goods. As a loss by fire was averred, such proof of power and an agreement therefor, was necessary to a recovery, and was undoubtedly made, we think properly under the pleadings. If the averment was so vague as to leave doubts in the mind of the defendant, his remedy was by motion, to make definite.

In considering the third objection, we have not thought it necessary in this case to determine whether in a suit against a foreign corporation the pleader should set out the act of incorporation or refer to it in his petition. That will be done where the question is properly presented. The only objection to the petition is that it does not state facts sufficient to constitute a cause of action. The question whether the defendants are a corporation is no part of the cause of action. They are either a corporation or have no existence. If the last, a judgment is of no avail. If sued by the wrong name they are at liberty to answer that they are not what they are represented to be. The petition avers that the defendants are a foreign insurance company created under and by virtue of the laws of Massachusetts. Defendants may have been entitled to require that the petition should have been made certain and definite in this particular, though of that we have great doubts, but they only traversed the facts alleged, and it must have been proven that they were a foreign corporation created under and by virtue of the laws of Massachusetts, to entitle plaintiff to recover. As the case is presented here the averment must be held sufficient. This has been the law in Massachusetts. *See* 5 *Mass. R.*, 95, *and in New York, See* 2 *Cow.*, 770; 5 *Bosworth*, 717.

The fourth and seventh errors alleged may be considered together. The contract, as proven, is not in the record, and we can only ascertain its terms by reference to the pleadings. By the petition it appears that the defendant in error agreed to pay the plaintiff in error $47.50 as premium *within* one month from the time of his application, and *within* that time plaintiff in error was to deliver the policy of insurance. By the terms of the contract the consideration of the stipulation on either side was the promises made by the other. Either could perform his part of the contract at any time within one month. Duffey offered to pay the money which was his part of the agreement, and he was authorized to do that at any time during the month. The insurance company were not bound to deliver the policy until the 1st day of August, the last day on which it was to be done. No demand was necessary. The company was as much bound to deliver the policy as Duffey was to pay the money. Neither was dependent on the other. This view of the case disposes of both the objections under consideration.

The eighth presents the question as to whether a verbal agreement to insure is binding.

The plaintiff in error did not present, nor have we been able to discover any law that makes it necessary that contracts of insurance should be in writing. The general usage has most undoubtedly been to reduce such contracts to writing, but this is for the safety and convenience of parties, not a requirement of law. There is nothing in the nature of the contract which requires written evidence of it. There is no statute directing it. It may be necessary now under the revenue laws, requiring a stamp, but certainly was not in 1860.

The Supreme Court of the United States in a recent case in which this question arose, directly decided that a parole agreement to make and deliver a policy of insurance need not be in writing. 19 *Howard*, 318.

The Court of Appeals of New York, have directly and positively affirmed the doctrine upon reasoning impossible to shake. 19 *N. Y. R.*, 307.

And such is the general tone of the authorities on this point.

The ninth defect pointed out surely does not show a want of cause of action, but might under certain states of proof limit the amount of recovery.

In the way it presents itself to this Court we can only look to see whether it presents facts sufficient to constitute a cause of action, not the amount of the recovery.

We have examined the various objections to the sufficiency of the petition, and are of the opinion that it states facts sufficient to constitute a cause of action, and the objection to the introduction of testimony under it was properly overruled.

During the progress of the trial the defendant below without objection introduced a paper signed by the plaintiff, of which the following is a copy :

" In consideration of the payment by the Hartford Insurance Company of $1,000, I hereby waive all claims I may have against the Western Massachusetts Company under any policies issued previous to July 9th, 1860.

Owen Duffey."

The plaintiff introduced testimony tending to prove that the said agent of the defendant, who was also the agent of the Hartford Fire Insurance Company, refused to pay to the plaintiff the amount due on the policy of the Hartford Insurance Company, unless the plaintiff would sign the paper above set forth. It was admitted on the trial that the plaintiff had an insurance upon the stock of goods described in the petition at the time of their destruction, in the Hartford Fire Insurance Company to the amount of $1,000.

If Duffey had any claim upon the Hartford Insurance Company, then the payment of that claim was his, of right, and the liquidation of that claim was clearly no proper

legal consideration for any release of any claim he might have on the present plaintiff in error, and the jury were the judges of the fact whether the proof was satisfactory of a want of consideration for the receipt.

It is further insisted that the verdict is against the evidence. Of this we can form no opinion, as the evidence is not all on the record.

Upon a review of the whole case, we are of the opinion that the decision of the Court below should be affirmed.

All the justices concurring.