James McGrew v. Silas Armstrong.

*Error from Wyandotte County.*

1. New Trial: When the record of a case setting out the evidence, and without purporting to contain the whole of it, is brought before a reviewing court, such court will not attempt to consider the question, as to whether a judgment rendered in such a case is sustained by, or is contrary to the evidence.

2. Trial: Admission of Evidence.—In this case the answer consisted of two counts, and testimony was offered tending to support the first which was seemingly contradictory to the second count. *Held:* That it was not error for the court to permit such testimony to be presented.*

This was an action brought by plaintiff in error in the court below against the defendant, a constable of Wyandotte county, to recover the value of goods belonging to Leigh & Beaumont, levied on by said constable.. The answer consisted of a general denial and a second court alleging the official capacity of the defendant, and that he levied upon the goods in question by virtue of an execution in favor of Broadwell, Hatch & Co. v. Frederick Beaumont, issued from the district court of Wyandotte county. The defendant on the trial, under exception of plaintiff, introduced evidence to the effect that he levied on the goods by virtue of an execution in favor of Bowling & McGrew against Charles Leigh and F. Beaumont, issued by J. B. Scroggs, a justice of the peace. The admission of this evidence is the basis for one ground of error in this court; other facts appear in the subjoined opinion.

*S. A. Cobb & D. B. Hadley*, for plaintiffs in error.

*Trial: Admission of Evidence.—In trover, where the answer contains a general denial, it seems the defendant may prove a justification for the taking under an execution against the plaintiff.

*John B. Scroggs & John K. Hale*, for defendant in error.

*For plaintiff in error* it was submitted:

1.   The admission in evidence of the proceedings pertaining to the levy was error, as the evidence contradicted the allegations in the parties' own pleading.   The evidence must be confined to the pleadings and must correspond therewith.   1 *Greenl. Ev.*, 69, § 51.

2.   The defendant was clearly liable for fraud in obtaining possession of the property.   *Deys v. Jemieson*, 10 *Allen's R.*, 410 ; *Story v. Jennings*, 4 *O. S.*, 418.

*Scroggs & Hale, for defendant*, submitted :

1.   Jurisdiction was not shown to be in the justice. The courts of justices of the peace being courts of limited jurisdiction, it will be presumed that they have no jurisdiction until it be shown affirmatively.   *Civil Code*, § 130; 2 *Cow. and Hill Notes*, 110; *Mills v. Martin*, 19 *Johns.*, 33; 5 *Cranch*, 173; *Thomas v. Robinson*, 3 *Wend.*, 267 ; *Cowell v. Barnes*, 7 *Hill*, 35.

2.   The exception is not material nor prejudicial to the substantial rights of the party.   Plaintiff in error was not prejudiced by the evidence introduced under objection, as he had failed to make out a case.   *Civ. Code*, § 305.

3.   The exceptions taken are not sufficiently specific. *Major v. Major*, 2 *Kas.*, 337.

4.   The court below was not requested to find the facts of the case, and a finding generally by the court will be sustained.   *Civil Code*, § 291; *Major v. Major*, 2 *Kas.*, 337; 10 *O. S.*, 591.

*By the Court*, SAFFORD, J.

Two grounds of error are insisted upon in this case which requires notice; and *First*, That the finding and judgment of the court below were not sustained by and are contrary to the evidence in the case.

It will be observed that the case made, although it sets forth a large amount of the testimony which was produced upon the trial, which was by the court without the intervention of a jury, does not purport to contain the whole of it.

NEW TRIAL: Insufficient Rec. Such being the fact, it will be only necessary to remark relative to the point stated, that this court will not, as indeed it could not, attempt to pass upon the weight of the evidence and to decide on which side of the case there was a preponderance; nor would it be possible for us, even if we found upon looking at the evidence which *is* here that something was wanting in order to sustain the judgment, to say that it ought to be reversed for that reason, inasmuch as that which may appear to be wanting might have been supplied by evidence which is not set out, and yet which might have been produced to the court below.

In such a condition of the case the presumptions must be in favor of the correctness of the finding and judgment.

TRIAL: Introduction of Ev. *Second*, It is claimed that the court erred in permitting the defendant to testify as to matter of defense which was not specially pleaded in his answer, and which was apparently contradictory to matter which was set up as a defense.

The answer contained two counts: First, a general denial, and second a special plea. It will not be denied that if the answer had consisted only of the general

denial, the evidence complained of would have been proper, tending, as it did, to negative the allegations of the petition, and thus to sustain the issue made up between the parties by this plea.

Ought the defendant, then, to have been deprived of the benefit of such testimony by reason of the seeming discrepancy or contradiction between it and the second plea?

So far as this case is concerned, at least, we are of the opinion that there was no error upon the point in question. The applicability of the testimony to the issues made by the petition and the first count of the answer, was such that the court was not in error in permitting it to be presented.

The judgment of the district court is affirmed.

All the justices concurring.