THE CITY OF TOPEKA v. PERRY C. TUTTLE.

*Motion for Rehearing:—Error from Shawnee County.*

REHEARING:—Where the Supreme Court has in a case once passed upon the questions necessarily involved in its determination, a rehearing thereof generally will not be granted So held in a particular case.*

---

*THE JUDGE, in delivering the opinion of the court on this motion, touches upon the following points seemingly involved in the record of the case, not mentioned in the previous opinion. Ante, p. 311.

1. RECORD: ERRORS.—The record should affirmatively show errors, or the case will not be reversed. It is presumed the plaintiff in error brings up all the evidence in her favor.

2. RECORD: NEGLIGENCE OF A CITY.—The record failing to contain the evidence relative to the time of the incorporation of the plaintiff in error, the court cannot determine whether the instructions asked—substantially that the city had no corporate existence before February 23, 1867, and was not therefore bound to keep her streets in repair—were law or not, but will presume that evidence of the incorporation at a period sufficiently early, was introduced.

The facts of the case involved in the points decided
and referred to in the opinion, are stated at some length,
in the report of the same case, *ante*, 312, *et seq.* In addi-
tion thereto, it may be well to add here: On the trial of
the case a motion was made to dismiss the same on the
ground that the petition fails to contain sufficient facts.
The motion was overruled. Evidence was introduced by
plaintiff below, tending to show the injury, how and
where it happened and the amount of damage done.
The defendant below introduced evidence tending to
show the circumstances attending the injury, and offered
in evidence the "second-class city" act [*Chap.* 68, *Gen.
Stat.*] to show the time of the incorporation of the city,
the necessary steps relative to the repairing of streets,
building bridges, etc. This evidence was rejected, as
was evidence tending to show the same things by parol,
and to show the action of the city council relative to the
street, by parol. It was admitted that no record of such
proceedings had been preserved, and it was admitted that
the spot where the accident happened was on a laid out
street in the city, and had been used as a street for a long
time. Defendant offered to show that the place where
the accident occurred was a natural ravine, impossible to
be made safe except by a bridge. This evidence was
ruled out. No evidence was introduced to show whether
the city had put up signs warning the public of the
danger. Testimony was given tending to show that the
plaintiff and the public knew the condition of the cross-
ing. Testimony was also introduced, tending to show
that seventy-five feet to the north of the dangerous place,
and in the street, there was a plain, public, generally

3. NEGLIGENCE: STREET REPAIRS.—The city, not having taken measures to repair a danger-
ous street, nor to warn the passing public of the danger, might well be found guilty of negligence.

4. TRIAL: CHARGE OF COURT.—The court is not bound to select the good from bad law in an
instruction asked, especially when it gives the law applicable to the case, otherwise.

traveled, safe crossing, of which plaintiff knew. Also, that the horses and carriage injured were mortgaged for more than they were worth, and that the mortgage was past due, but that defendant in error was in possession thereof; also, that the damage done, was not at the crossing, but that the horses became frightened there by sinking into the mud-hole and ran away, and during the running, did the injury.

Special findings were asked which were refused. The jury brought in a verdict of $110 for plaintiff. A motion for a new trial was made and overruled, involving the sufficiency of the evidence, the admission thereof, and the charges of the court. [*Given in full; ante, pp.* 314–19.] Exceptions were preserved to all the rulings against the defendant.

Judgment was entered under defendant's exception for plaintiff, before the jury were paid; a motion to vacate the judgment, for that reason, was made, and the jury paid before it was disposed of.

The made case states that it does not contain the whole of the evidence.

*A. L. Williams*, for plaintiff in error.

*Case & Case*, for defendant in error.


*By the Court*, VALENTINE, J.

The case of the city of Topeka v. Perry C. Tuttle was decided at the present term. [*Ante, p.* 311.] The plaintiff in error desired to reverse a judgment of the district court of Shawnee county, in favor of said Tuttle, and against the said city of Topeka. This court, however, affirmed the said judgment, and the said city of Topeka now asks for a rehearing.

REHEARING: We are satisfied with our decision, and, of course, cannot grant a rehearing. This court has passed upon every question in the case, and we think we have decided every such question correctly. If the written opinion of the court does not show that every question was passed upon by the court, it is because the judge who delivered the opinion, inadvertently omitted to make it so show.

The court below properly refused to give the eighth, ninth, tenth, eleventh and seventeenth instructions to the jury, asked by the defendant below. These instructions are substantially: that the city of Topeka had no corporate existence prior to the 23d day of February, A. D. 1867; and therefore, as a conclusion of law, that it would have been impossible for the city to have repaired the defective street before the 27th day of July, A. D. 1867; and, therefore, that said city was not guilty of any negligence; and, therefore, that the plaintiff below could not recover. The premises assumed in these instructions are wrong, and the conclusions are wrong.

The plaintiff in error, in bringing her case to this court has left out all the evidence with regard to the time when the city of Topeka was first incorporated. But, as different acts of the legislature have been passed for the incorporation and regulation of the city of Topeka, from February 14th, 1857, up to February 23d, 1867, it may safely be presumed that there was abundance of evidence showing that Topeka had been incorporated (as it, in fact, was,) long prior to the 23d of February, 1867. If the city of Topeka had a corporate existence before the 23d of Februrry, 1867, the passage of the act of February 23d, 1867, would not destroy that corporate existence nor create a new corporation, but it would simply continue the old corporation, in existence under a new

act. Even if the said city was not incorporated until February 23d, 1867, it does not from that fact follow that it would be impossible to repair the defective street before the 27th day of July, 1867; and, therefore, that it would be impossible for the defendant to be guilty of any negligence. Even if a bridge was necessary, there is no evidence tending to show whether the bridge would have cost $10.00 or $1000.00, whether it would have taken one day or one year for its construction. We think the city might well be found guilty of negligence; for there does not seem to have been any evidence tending to show that the city had taken the first step, or any step, towards repairing this defective street, and had not even put up any sign warning the public of the danger.

It is true, that the defendant offered to prove, by parol evidence, that the city engineer made estimates of the cost of the repairs, under the orders of the city council; but when the court refused to allow the orders of the city council, to be proved by parol evidence, it seems that the defendant below, did not then prove, or even attempt to prove, by any other evidence, that the engineer ever made any such estimates. It is the fault of the plaintiff in error, and not the fault of the defendant in error, that the evidence is not all here. We cannot presume that the plaintiff in error neglected to bring any evidence here that would have benefitted her in the least. If the court below committed any error, it devolves upon the plaintiff in error to affirmatively show it. We cannot presume error in the absence of any such showing.

It is possibly true that there is some good law in the instructions referred to, but there is so little that is good law and so much that is bad law, and the good is so mingled with the bad, that the court could not have given the instructions without committing the most palpable

error; and it was not bound to pick out the good law and reject the bad; but we think that all that is good law in them, and applicable to the case, was given by the court in other instructions.

The rehearing is refused.

All the justices concurring.