TURNER AND JELLY v. HENRY HALE.

1. PRACTICE; *Error not presumed.* The supreme court cannot say that the facts found by the district court are unsupported by the evidence, or are contrary to the evidence, where the record does not purport to contain all the evidence in the case.

2. SURETY—*Liability; Release; Notice.* To release a surety in a note, it is requisite that he give written notice to the holder to commence suit, or permit the surety to do so in the holder's name, and that the holder of the note should refuse to do either. Where the record discloses the notice, and is silent as to whether the holder brought a suit, or permitted the surety to do so in his name, and the judgment of the court is that the surety is not released, a reviewing court cannot say that the judg. ment is wrong, as it cannot presume that there was not evidence in the case that sustains the judgment.

*Error from Leavenworth District Court.*

ACTION brought by *Henry Hale* on 'a promissory note dated May 14th, 1867, payable to L. Turner or order, six months after date, for $500, signed by Truman H. Craig, *Will E. Turner*, *J. S. Jelly*, and indorsed by L. Turner and Rob't H. Howsley, Defendants answered separately, setting up sundry defenses. The case was tried by the court, and among other things the court found specially as facts: That James S. Jelly signed the note as surety, and Craig and both Turners* as principals; that notice of protest and demand of payment was duly made and served on James S. Jelly; that there was a failure of consideration in said note to all except the sum of $202.90; that the note had been duly indorsed by L. Turner, and transferred to *Henry Hale*, the plaintiff; that Jelly gave notice to Hale to proceed against the principals, or to permit him to do so; that Craig had left the State permanently before said notice was served, and was insolvent at the time of service of said notice, as were also both Turners. And the action being dismissed as

---

* SUCH is the record; but *L. Turner* was the *payee*, to whose *order* the note was payable, and he "duly indorsed" it as such. How then can it be said he "signed the note as a *principal*," even though his liability as indorser be as absolute as that of the principal maker?—REPORTER.

to Howsley, the court found as conclusions of law from the facts that Hale was entitled to judgment against Craig and the Turners as principals, and Jelly as surety, for the sum of 202.90. Judgment accordingly. *Will E. Turner* and *J. S. Jelly* moved to set aside the judgment and findings, and for a new trial. Motion overruled, and the case is brought here for review.

*Hurd & Stillings*, for plaintiffs in error.

*Thomas P. Fenlon*, for defendant in error.

The opinion of the court was delivered by

KINGMAN, C. J.: This was an action on a note in which Jelly was the surety of the other obligors. Separate answers were filed by the defendants. The cause was tried by the court, and special findings of fact were made.

In the argument, it is claimed that the findings of fact are not sustained by the evidence. The record does not purport to contain all the evidence. To reverse the judgment on this ground would place this court in the position of saying that, with a knowledge of what may be only part of the facts, we will overturn a decision of the court below made upon all the facts of the case. It has been repeatedly decided that this court could not do so, and the decision is repeated in this case.

But it is claimed that the findings on some points are contrary to the evidence that is preserved, and this may be true; but how the facts might have appeared had all the evidence been presented we cannot say. The presumption is that the facts were found upon sufficient evidence, until the contrary is shown; and such a result cannot appear upon a part of the evidence only. It is further claimed that the defendant Jelly was released by virtue of a notice given by him as surety to Hale, requiring Hale to commence suit, or permit Jelly to do so in Hale's name. This notice appears in the findings of the court, but not in the evidence. We therefore are bound to take it that such a notice was given. But such a notice of itself does not dis-

charge a surety. It must be followed by a refusal to bring the suit, or to permit the surety to use the name of the holder of the note for that purpose; and the record is silent on both of these points. We are therefore, in support of the judgment, to presume that there was testimony showing that the holder of the note either brought a suit or authorized the surety to do so. Again, it is insisted that the finding of the court that Howsley indorsed the note, and by his indorsement transferred it to Hale, is contrary to Hale's own testimony, and therefore it is incorrect. It is true that Hale's testimony makes Howsley an accommodation indorser merely, but as the action as to Howsley had been dismissed, and as the pleadings admit the legal transfer of the note to Hale, we cannot see how this error, if it be one, can affect the plaintiffs in error; but for the reasons given above we cannot say it is error. The judgment is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting.