## HIRAM F. HALE v. REPUBLICAN RIVER BRIDGE CO.

1. PRACTICE; *Failure to preserve Testimony*. Where the record fails to show affirmatively that all the evidence is preserved, the supreme court cannot say whether the findings of fact by the court below are against the evidence or not.

2. CORPORATIONS; *Division of Property; Power of Directors*. Directors of corporations in reference to corporate property act in the relation of trustees, and can make no division of such property which shall not give to each stockholder his proportionate share.

*Error from Davis District Court.*

THE action below was brought by *Hale* to compel the *Bridge Company* to convey to him 1,074 acres of land which he claimed under the terms of a resolution adopted by the board of directors of said *Bridge Company*, April 8th, 1869, and which resolution is set forth in the opinion. The *Bridge Company* by its answer denied plaintiff's right to the lands, and

alleged that there was a mistake in said resolution, and prayed that the resolution he corrected and reformed by the court. *Hale* claimed the 1,074 acres in consideration of $13,879.25 of land-scrip of said Company owned and held by him, while the Company's position was that *Hale* could select lands, "at the appraised value," to the amount of his scrip, and no more. All the lands of the *Bridge Company* had been "appraised" pursuant to said resolution; those in controversy were appraised at $21,079.12. The principal controversy in the court below was whether said resolution as adopted expressed the true intent and purpose of the corporation, and whether the court had power to reform the resolution if a mistake existed. The action was tried at the March Term, 1870, and the court found that there was a mistake in said resolution as adopted, and gave judgment reforming and correcting the same, "and that the defendant by its proper officers, when thereunto requested by plaintiff convey to said plaintiff so much of said unsold lands as said plaintiff may select at the appraised value thereof as will satisfy and pay the unsatisfied land-scrip of said plaintiff," and that the plaintiff pay the costs, etc. *Hale* excepted, and now brings the case here. The bill of exceptions does not purport to contain all the testimony given on the trial.

*Gillpatrick & Gilbert,* for plaintiff in error:

1. The testimony by which the defendant company claims to have proved a mistake or inadvertant omission, is upon its face absurd and contradictory. To entitle a party to reformation of a writing the mistake must be clearly made out by proofs entirely satisfactory. And if the mistake is not made entirely plain, by such proof, no relief is to be granted. Story's Eq., §§ 152, 157; Willard's Eq.; 1 Br. Ch., 34, 341; 1 Vesey, 317; 6 id., 328; 2 Cranch, 419; 17 Johns., 372.

The evidence shows conclusively that the assembled directors fully discussed the scheme adopted, and had full opportunity to view it in all its bearings and to understand each other; that upon mature discussion the resolution was drafted, and upon further discussion was re-written for amendment, and

that when submitted as the sense of the meeting, it was further amended on motion of Houston, and so well satisfied were the directors with their work, that when Mitchell advised them to incorporate substantially the provision which the defendants now say they intended, the directors repudiated it. They made this resolution designedly; as they acted upon it consistently until the majority found they had been somewhat too eager in bidding upon each other for choice of lots; and this pretense to force upon Hale the culled lands at the "appraisement," was an after-thought, born of their own dissatisfaction.

2. The resolution is the peremptory act of a constituent body, and not capable of reformation in chancery. There is no precedent for such an interposition of chancery power. It is the sole act of the party praying for relief. If other parties have acquired no rights, the defendant company can amend their own resolution; and if other parties have acquired rights under the resolution, chancery has no power to divest them.

The resolution being a compulsory order of the directors, who are sovereign within their domain, binding on the corporators, they had no power to accept or reject. They could only take or enforce the rights prescribed, and were bound to convey to plaintiff the lands claimed.

3. The cases are numerous in support of the doctrine that a writing is presumed to express the intentions of the writer, and that it must stand until the contrary is indubitably proved. 44 Me., 206; 9 Ind., 126; 3 Sneed, 384; 6 Wis., 592; 13 id., 355, 458.

4. The decree is vicious in its character, even if the defendant company should have had a decree. The court finds only that the words, " at their appraised value," were left out; but the decree embodies a compulsory duty of scrip-holders to purchase enough of the lands at the sale to satisfy their scrip. It also interpolates a limitation to the rights of the scrip outstanding after the sale, allowing the holders to take only enough to satisfy the scrip; whereas the original resolution is wholly silent on that point. There is no pretense of any evidence that the directors intended to insert either of these provisions.

The resolution as it was passed confers equitable rights, and having been in part executed, and the plaintiff's corporate interests thereby diminished, he is entitled to the enforcement of its entire provisions. 3 Cow., 445; 4 Pet., 311; 9 Vesey, 605; 3 Cush., 566; 1 Story's Eq., §§ 715, 751; 20 Me., 81; 23 Pick., 148.

*Martin, Burns & Case,* for defendant in error:

1. That the resolution as adopted did not express the intention of the corporation, was clearly established, and the court was fully warranted in its finding of fact. Argument however on this subject is unnecessary, for this court has already decided that the "findings of fact by the court trying a case, will not be disturbed unless they are clearly against the weight of evidence." 3 Kas., 293, 374; 4 Kas., 206; 5 Kas., 488. But if the court should be of the opinion that the finding of the court below was clearly against the weight of evidence appearing in the record, still this court should not disturb the finding, for the reason that the record does not show that there was no other evidence offered in support of the finding. See 5 Kas., 58.

2. The plaintiff claims in his petition that certain lands remained unsold and his scrip was not exhausted, and therefore by the terms of the contract he was entitled to all the remaining lands. And he brings this action for a specific performance of said agreement. We can see no reason for applying this arbitrary construction to this resolution. The resolution in our opinion is but a simple proposition or offer on the part of the corporation, concurred in by all the members thereof to sell its lands in a certain way and for a certain price.

But when the plaintiff bases his action on an alleged agreement, or alleged state of facts, and asks the court to decree a performance thereof, and vest the title to the lands in question in him, cannot the defendant deny the plaintiff's right to recover on the contract, as prayed for, and by way of cross bill set up the making of an agreement, and the fact that there was a mistake made in the written resolution or memorandum of

agreement, and ask to have the same reformed and corrected, according to the true and perfect understanding of all the parties thereto? There can be no question on this point. If it was a contract that the plaintiff could enforce, then it was proper for the defendant to have the agreement modified and corrected, and obtain affirmative relief.

The question then resolves itself into this: Can a written contract or agreement, made between a corporate body and one of its stockholders, be reformed and made to conform to the precise intent of the parties? And on this point, see 1 Story's Eq., § 152; Willard's Eq., pp. 51 to 55.

It is not disputed that "To entitle a party to reformation of a writing the mistake must be clearly made out by proofs entirely satisfactory." But we must be permitted to differ with plaintiff's counsel when they say that "a mistake is not clearly made out." If it was necessary to discuss this proposition we should insist that from what appears of record there was no conflict of testimony on this point at all. All the witnesses on behalf of the defendant testified to the mistake, or in other words that the written resolution failed to state the whole of the agreement, and plaintiff's witnesses do not controvert the truth of this fact.

But plaintiff denies that the equity power of the court authorizes the correction of the mistake, if there was one, and he insists that "if there was a mistake, and a majority of the directors proceeded to the appraisement and sale while they knew it, then the company has precluded itself from equitable relief," etc. It is a sufficient answer to this to say that there is no such claim set out in the pleadings, and no evidence in the record tending to show that any of the directors, except the plaintiff himself, knew or supposed that there was a mistake until after the sale.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought suit in the district court of Davis county to compel the conveyance by defendant to him of certain tracts of land. The findings and judgment of that

court were against him, and he now seeks a reversal of that judgment. One ground upon which he asks a reversal is, that the findings are against the weight of the evidence; but inasmuch as the record does not show that all the evidence is preserved we cannot say whether the findings are against it or not. (5 Kas., 58.) This leaves the case for our consideration to stand upon the pleadings, the agreed statement of facts, and the findings of the court; and the question is, do these warrant the judgment?

The defendant was seized of a tract of about 4,000 acres of land near Junction City. It was deemed best to divide the same among the stockholders, and on the 8th of April, 1869, the directors to accomplish this object passed the following resolution:

"*Resolved*, That the lands of the Bridge Company be appraised on an equitable basis as possible, and that on the aggregate valuation of the lands scrip shall be issued to the parties in interest in proportion to their stock in said Company; that the lands shall be advertised to be sold for scrip or money at public auction, on the 20th day of April, 1869, at Junction City, Kansas, and that no lands be offered for less than their appraised value; and the remaining land, not sold, shall become the property of the parties holding the unsatisfied scrip; and when the lands are not purchased with scrip, but money is paid for a tract, the purchaser shall pay one-third in six, and the other in twelve months, with ten per cent. interest from date."

The court found that this resolution did not express the intent and agreement of the directors, of whom plaintiff was one, (and who was present when the resolution was adopted,) but that by a mistake the words—"at the appraised value"—were omitted, when they should have been inserted, at the end of the words—"and the remaining land not sold shall become the property of the parties holding the unsatisfied scrip"—and the court decreed a reformation accordingly. The land was appraised, the scrip issued, the sale had, and all but a portion of the plaintiff's scrip exhausted in the purchase of lands. As the lands sold in many instances for more than the appraised value, the amount of unsold land at its appraised value largely exceeded the

amount of plaintiff's scrip. The land remaining unsold amounted at the appraisement to $21,079.12. The unexhausted scrip to $13,879.25. Upon this plaintiff claimed all the unsold land, and brought this suit to compel a conveyance of the same to him. The decree reforming the resolution allowed him only an amount of land equal to his scrip.

It is urged as against this decree that "the resolution is the peremptory act of a constituent body, and not capable of reformation in chancery." In the view we have taken of this case it is unnecessary to inquire how far a court of equity can interfere and correct resolutions and acts of directors of corporate bodies, for this decree has not taken from plaintiff any rights which he theretofore had, and of course is a mere nullity as affecting the rights of any not parties to this suit. Directors of a corporation, in reference to the corporate property, act in the relation of trustees. The stockholders are the *cestuis que trust*. The directors can make no disposition of the corporate property which shall not inure to the equal benefit of all the stockholders. If they attempt to divide, they must so divide that each shall receive his proportionate share. They cannot agree for and bind the stockholders to any other division. In the case before us, if any outsider bought land and paid cash for it, such money became the property, not of one director, nor of all, nor of one or a portion of the stockholders, but of the corporation, to be distributed, if distributed at all, to each stockholder in proportion to his interest in the corporation. So if any stockholder holding scrip bid upon any piece of land more than its appraised value such excess of bid inured to the benefit of the corporation in like manner, and not as plaintiff claims to the benefit of the one stockholder who did not bid. If the directors had made no mistake, and had intended to pass the resolution they did, it would have been powerless to divest any stockholder of his proportionate interest in the land, or to convey to any one more than such interest.

The judgment of the district court will be affirmed.

All the Justices concurring