NATHAN GALLOBER, *et al.*, v. ISAAC MITCHELL.

PRACTICE; *Instructions*; *Error not presumed*. Where the record shows that only a portion of the evidence is preserved, and fails to show that it contains all the instructions, this court is unable to say that an instruction which was given was inapplicable or erroneous, or was not so far modified by other instructions that if erroneous it has wrought no prejudice to the party complaining.

*Error from Clay District Court.*

MITCHELL brought his suit upon an account for a lot of boots and shoes alleged to have been sold by him to *Gallober & Kuhnle*, partners, etc. Defendants claimed that they had received the goods to sell on commission, and that they had duly accounted, etc. The action was tried at the October Term 1871. Verdict and judgment in favor of the plaintiff, and defendants bring the case here on error. The record does not contain all the evidence, nor all the instructions.

*C. M. Anthony*, for plaintiffs in error:

The district court in its instructions invaded the province of the jury by assuming that the plaintiffs in error were purchasers of the goods, when there is clearly a conflict of testimony as to whether they were purchased, or were acting in the capacity of factors or commission merchants. This was a question of fact that should have been submitted to the jury.

*McClure & Humphrey*, for defendant in error :

1. All the evidence is not stated' in the bill of exceptions; neither does it pretend to contain all the evidence given either on behalf of the defendants, or the plaintiff, and this court cannot judge whether the instructions given to the jury were correct or not. 5 Kas., 323 ; 2 Kas., 357.

2. The petition in error asks to have the judgment reversed because the trial judge instructed the jury to consider the plaintiffs in error as purchasers and not as commission merchants; but the record does not contain all the instructions. The correctness of the instructions complained of could have been more accurately determined had all the evidence been given in the bill of exceptions.

The opinion of the court was delivered by

BREWER, J.: The only error complained of is the giving of an instruction which it was claimed was inapplicable to the case, and usurped the province of the jury. So far as the testimony of the plaintiff is presented in the record, the instruction given was plainly applicable. So far as that portion of the defendants' which appears in the record is concerned, it may be questionable. But the record not only fails to show that all the evidence is preserved, but plainly indicates that there was more received on the trial. More than than that, it fails to show that all the instructions are preserved. Hence it is impossible for this court to say that the instruction was not applicable to the whole case as presented, or ought not to have been given, or to say that if inapplicable it was not so far modified by other instructions as to have wrought no prejudice to the plaintiffs in error. *Town of Leroy v. McConnell*, 8 Kas., 273; *Hynes v. Jungren*, 8 Kas., 391. The judgment must be affirmed.

All the Justices concurring.