BERRY BROS. v. HILL, FONTAINE & Co.

(Filed September .7, 1894.)

REPORT OF REFEREE. Unless manifest error appears in the record of a case, before this court, on appeal from the judgment of a district court affirmed the report of a referee, the judgment must be affirmed.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before Frank Dale, District Judge.*

*Thomas E. Berry* and *Amos Green & Son,* for plaintiffs in error.

*Ross & Caruthers,* for defendants in error.

Action on account by Hill, Fontaine & Co., against Thomas E. Berry and A. A. Berry. Judgment rendered in favor of plaintiffs. Defendants appeal. Judgment of the lower court affirmed. The facts are stated in the opinion.

Opinion of the court by

SCOTT, J.: This is an action on account of the sum of three hundred and ninety-one dollars and two cents, against Thomas E. Berry and A. A. Berry, partners doing business as Berry Bros. at Norman, Cleveland county, Oklahoma Territory. On the 23rd day of May, 1892, the appellees, plaintiffs below, Hill, Fontaine & Co., filed their complaint, attaching thereto a duly verified account in the sum stated. The appellants, defendants below, on the 5th day of October, 1892, filed an answer, first denying each and every allegation of the complaint, except such facts alleged as might be admitted in such pleading;

then as a further defense, setting up a counter claim of $2,062.20. The allegations of the counter claim were in substance, that in the month of September, A. D. 1890, the appellants at the special request of appellees, consigned cotton to appellees and were authorized to attach bills of lading and draft for not to exceed 80 per cent of the market value of said cotton, as quoted to them daily by the price current furnished by appellees; that the agreement implied and understood, was that the parties should continue said business through the cotton shipping season of 1890, 1891 and 1892; that in pursuance of said agreement, the appellants did consign and ship to appellees, during such period, 249 bales of cotton, worth at the time of delivery in St. Louis after deducting freight, storage, commissions, etc., the sum of $12,375.58, and that appellees agreed to hold or sell said cotton subject to the order of appellants; that appellants directed and ordered appellees to sell their said consignment of cotton promptly upon arrival at St. Louis, Mo., but that they wilfully and fraudulently, and in violation of their said agreement, failed, refused and neglected to sell said cotton, holding a large portion of it for some two or three months; and thereupon charged said appellants storage to the amount of seventy-five cents per bale per month; that during said time, cotton gradually declined in price to the amount of two cents per pound. After stating debits and credits, appellants allege appellees were indebted to them in the sum of $2,062.20, with interest at the rate of 7 per cent per annum from the 7th day of October, A. D. 1891, and prayed judgment accordingly.

On the 15th day of October, 1892, by agreement, Sidney Denham was appointed by the court as referee to take

the testimony in the case and state therefrom an account between the parties, and make due report thereon to the court. The referee thereupon, after hearing the testimony of all the parties, submitted his findings of fact and conclusions of law to the court, reporting in favor of the appellees in the sum of $391.02, as prayed for in their complaint. On the 25th day of December, 1893, the court, Judge Frank Dale presiding, rendered judgment affirming the referee's report except an allowance of $40 by him as attorney's fees. The appellants thereupon prayed an appeal, which was granted and the case was signed and settled by the court on the 18th day of November, 1893, and the record filed here on the 5th day of December, 1893.

The appellants present several assignments of error for the consideration of the court, all general in their character, but have filed no brief in support thereof, and the court is guided in the consideration of the case only by the record, as presented.

The court has fully and carefully examined the record, and feels entirely convinced that the findings of the referee's report and the judgment of the court rendered thereon are fully justified by the evidence in the case.

The appellants fail to bring up the entire evidence considered by the referee, however. Unless the record does contain all the testimony taken and considered in this case, the court cannot consider any part of it. (*Smith v. Gill,* 10 Kan. 74; *Galiober et al. v. Mitchell,* 10 Kan. 75; *Clark v. Hall et al.* 10 Kan. 81; *O'Brien v. Orietz,* 10 Kan. 202; *The Western Mass. Ins. Co. v. Duffy,* 2 Kan. 347; *Cooper, Adm'r, v. Armstrong et al,* 4 Kan. 30; *McGrew v. Armstong,* 5 Kan. 284; *Topeka v. Tuttle,* 5 Kan. 425; *Hale v.*

*Bridge Co.*, 8 Kan. 466; *Turner v. Hale*, 8 Kan. 38; *McIntosh v. Commissioners of Crawford County*, 13 Kan. 177.)

From all we have before us we are unable to see that there was any error in the proceedings in the court below, and unless manifest error does appear, the judgment must be affirmed.

It is so ordered.

All the Justices concurring.