## E. M. CARNAHAN VS. A. GUSTINE *et al.*

1. ATTACHMENT — *Motion* — *Discharge* — A motion to discharge an attachment is a proper proceeding under §§ 4118, 4119, Statutes of 1893, and such proceeding should succeed or fail upon the truth or falsity of the attachment affidavit.

2, HEARING—*Evidence*—In order to determine the facts upon the allegations of the attachment affidavit, it is proper, and usually necessary, to introduce evidence, either oral or by affidavit, which, if sufficient, should sustain the attachment; but unless all the evidence in the court below is brought up, no part of it can be considered. ( 20 Kan., 575; 27 Kan., 762; 10 Kan., 74, 80, 202; 13 Kan., 171.)

3. PETITION—*Amendment*—*Dissolution*—If the petition does not state a cause of action against the defendant, the court, in the absence of amendment of the petition, or, if it is incapable of amendment, is justified in dissolving an attachment against the property of such defendant. ( 28 Kan., 507.)

4. MERITS—*Trial*—As a general rule, the court may not inquire into the merits of the original cause of action, yet it may inquire into the alleged existence of the grounds of attachment set forth in the affidavit; and if this, incidentally, refers to some of the allegations of the petition, this does not compel it to refuse consideration of the motion, or suspend decision, until the final trial of the cause. ( 26 Kan , 430.) The trial then proceeds upon the merits, as though no action on the motion had been taken. ( 25 Kan., 435.)

*Error From the District Court of O County.*

E. M. Carnahan instituted attachment proceedings in the district court of O county, on the 18th day of January, A. D., 1894, against A. Gustine, A. Gustine & Co. and E. Gustine. Defendants filed a motion to dissolve the attachment. Motion sustained. Plaintiff brings error. Judgment of the lower court affirmed. Statement in the opinion.

*Beauchamp & Rush,* for plaintiff in error.

*Elliot, Wood & Dodson,* for defendants in error.

The opinion of the court was delivered by

Scott, J.:   This is an action for the recovery of damages in the sum of five thousand dollars ($5,000), as the result of a malicious prosecution.   The petition was filed in the district court of O county, on the 18th day of January, 1894.   On the same date the attachment affidavit was filed which reads as follows:

"E. M. Carnahan, being duly sworn, says:   That he is the plaintiff in the above entitled action; that said plaintiff is about to commence the above entitled action, in the said court, against the said defendants for the recovery of five thousand and eighty-two and 50-100 dollars; that said defendants are justly indebted to said plaintiff in said sum for damages, and that the nature of said plaintiff's said claim is as follows:   Upon the 29th day of December, 1893, the defendants unlawfully, maliciously and without cause, caused this plaintiff to be arrested upon the charge of feloniously embezzling the property of defendant, A. Gustine & Co., from which he has been fully discharged and acquitted, by which said false arrest said plaintiff was damaged in the sum of — dollars; that said claim is just, is due, and is wholly unpaid; that said affiant believes that said plaintiff ought to recover of said defendants, in said action, said sum of five thousand and eighty-two and 50-100 dollars; that said defendants, and each of them, is a non-resident of the Territory of Oklahoma; and that the claim about to be sued for in the above entitled action arose wholly within the limits of the Territory of Oklahoma."

"That defendant is about to convert a part of his property into money for the purpose of placing it beyond the reach of his creditors; has property which he conceals; has rights in action which he conceals; has assigned, removed and disposed of a part of his property with intent to hinder, delay and defraud his creditors; and further affiant saith not."

The affidavit was subscribed and sworn to in the usual manner, bond was given and an order of attachment issued, commanding the officer to attach all the property of the defendant within the county of O, not exempt from execution, or sufficient thereof, to satisfy the amount prayed for in the complaint. Property in the amount of $1,710.66 was attached under the order. On the 23d day of March, 1894, the defendants filed a motion to dissolve the attachment and for the discharge of the attached property, which, omitting caption, reads as follows:

"Now comes the defendants in said above entitled action, by Elliott, Wood & Dodson, their attorneys, and move the court to dissolve the attachment issued in said above entitled cause, and to discharge the property attached therein, under said writ of attachment, and for grounds of said motion, say:

"1. That no bond for costs or security therefor, or poverty affidavit, was filed in said court, at the commencement of said action, as provided by law.

"2. That the plaintiff in said action is, and was at the commencement thereof, non-resident of the Territory of Oklahoma.

"3. That said claim sued on in said action, was not, at the commencement of said action, and is not now, and never has been, just, due and unpaid, but is founded wholly upon a tort.

"4. That said defendants were not, at the filing of said affidavit for attachment, nor at any time since, and are not now non-residents of the Territory of Oklahoma, but have, at all times since, and for a number of days prior to the filing of the affidavit for attachment, and are now, residents of the county of O, in the Territory of Oklahoma.

"5. That the defendants were not, at the issuance of said writ of attachment and the filing of the affidavit therefor, and at no time have they, or either of them, been, or are they now, about to convert their property, or any part thereof, into money for the purpose of placing it beyond the reach of their creditors.

26

" 6. That at no time, prior to the issuance of said writ of attachment nor since, nor have they now, any property which they conceal.

"7. That at no time, prior to the issuance of said writ of attachment, at said time, nor since, nor have they now, any rights in action which they conceal.

"8. That at the time of filing said affidavit for attachment, and no time prior thereto, nor at any time since, have they been, nor are they now, about to assign, remove and dispose of any part of their property with intent to hinder, delay and defraud their creditors or any of them.

"9. That at no time prior to the issuance of said writ of attachment, nor at any time since, have they assigned, removed and disposed of any part of their property with intent to hinder, delay and defraud their creditors or any of them.

"10. That all of the grounds set forth in the affidavit for attachment are, and were at the time of the making and filing thereof, false and wholly untrue.

"Wherefore, said defendants move the court to dissolve the attachment levied in said above entitled action, and to discharge the property in said action attached from the lien and levy of attachment, and that they have their costs in this behalf, and such other and further relief as may seem to the court just and equitable."

The motion was verified, and the issues thus raised as to the truth of the allegations of the attachment affidavit; and after hearing the evidence in the case, only a portion of which is embraced in the record, or, at least, it is not shown that the evidence presented is all the evidence submitted on the hearing, the court rendered the following judgment:

"Now, on this 23d day of March, the same being one of the regular judicial days of the district court of the Second judicial district court; sitting in and for the county of O, Territory of Oklahoma, the above entitled cause, coming on for hearing on the motion of defendants to dissolve the attachment in said above entitled cause, and to discharge the property levied

upon in said attachment; the plaintiff being present in person and by Beauchamp & Rush, his attorneys, and the defendant being present in person and by Elliott, Woods & Dodson, attorneys, and the court, after hearing the evidence introduced and offered by plaintiff and defendants, the court finds that the allegations of plaintiff's affidavit for attachment—that the defendants are non-residents of the Territory of Oklahoma—true, and that E. Gustine and A. Gustine were each, at the time of the filing of said affidavit for attachment, non-residents of the Territory of Oklahoma.

"The court further finds, from the evidence, that plaintiff has no cause of action against the defendants, A. Gustine and A. Gustine & Co.; and the court further finds that the said motion should be sustained as to A. Gustine and A. Gustine & Co., and overruled as to E. Gustine, and it is by the court hereby ordered, adjudged and decreed that the motion to dissolve the attachment be, and the same is, hereby sustained as to A. Gustine and A. Gustine & Co., and that said motion be, and the same is, hereby overruled as to E. Gustine; and that all the property levied upon in said attachment, belonging to, and the property of, A. Gustine, and A. Gustine & Co., being all the property levied upon in said attachment except lot eleven (11) in block number fifty-two, (52), with the building thereon, in the town of North Enid, in the county of O, Territory of Oklahoma, be. and the same is, hereby discharged from the levy of said attachment; and the sheriff of the county of O, Territory of Oklahoma, is hereby ordered to immediately release said personal property from said attachment; and the lot eleven, (11), in block fifty-two, (52), with the building thereon, in the town of North Enid, in the county of O, Territory of Oklahoma, be not discharged from the levy of said attachment, but held until the further order and judgment of the court, and that A. Gustine, and A. Gustine & Co., have, and recover from the plaintiff, the costs of the discharging of said property discharged, and all costs made in the attachment as to said property discharged, and the discharge thereof, taxed at $—; to all of which ruling, orders and judgments of the court the plaintiff objects and excepts,

and asks time to file a petition in error, and to appeal said cause to the supreme court, in the order dissolving said attachment and discharging said property from said attachment; whereupon the plaintiff is given twenty days from this 23d day of March to perfect a writ of error to the supreme court in said cause, said order, dissolving said attachment and, discharging said property to be suspended, provided that within ten days from this date said plaintiff make and execute a good and sufficient bond, with sureties to be approved by the court, in the sum of one thousand dollars ($1,000), conditioned, that within the time given, he will make and file a petition in error in said supreme court, and appeal said case in good faith for review in said court, in said time, and that he will pay all the damages that the defendants may sustain by reason of withholding and keeping said property, in case the order of this court should be, by said supreme court, affirmed.

"In case said bond, as above provided, is not made, executed and approved within the ten days above specified, then the property discharged shall immediately be, by the sheriff aforesaid, released; and to which order the plaintiff excepts.

"This March 23, 1894.
"(Signed)          JOHN H. BURFORD, Judge."

From this judgment plaintiff brings error, charging ten specific grounds of error, but in his argument only relies upon two, which may be stated as follows:

"1. That the court erred in refusing to sustain the attachment against A. Gustine and A. Gustine & Co., for the reason that it found from the evidence that the plaintiff had no cause of action against the defendants, A. Gustine and A. Gustine & Co., the question being upon the dissolution of the attachment as to whether the court could, upon motion to dissolve, inquire into the merits of the main action.

"2. That at the time of the dissolution of the attachment, the court required the plaintiff in error to give a bond pending the proceedings in the supreme court, conditioned that he pay to A. Gustine and A. Gustine & Co., all sums of money to which they were

entitled by reason of any damages that they might sustain resulting from the prosecution of his petition in error."

The second proposition involves no question affecting the substantial merits of the case. It is simply a question of procedure that may be allowed by the supreme court or trial court, or by any justice of the supreme court, under the law—in many instances largely a matter of discretion. We hardly think this a proper question for consideration as an assignment of error, especially when it appears that no injury has been done to the plaintiff; and unless he has been injured he cannot be heard to complain.

The first proposition is one that this court should settle clearly at this time without evasion, as it is squarely involved in this case. The record shows that the cause came up in the court below on a motion to dissolve the attachment, and to discharge the attached property. This is a proper proceeding under §§ 4118 and 4119, p. 803 of the Statutes of 1893, and such proceeding must succeed or fail upon the truth or falsity of the allegations of the attachment affidavit. In the motion to dissolve, the defendant in error denied under oath, specifically, each and every allegation set out and contained in the affidavit of attachment, and on the issues thus joined, the court heard testimony and determined the controversy as shown by the judgment. This question is so well settled, both by statute and reported cases, that it is unnecessary to cite authorities.

In order to determine the facts upon the allegations of the attachment affidavit, it is proper (and usually necessary) to introduce evidence, either oral or by affidavit, which, if sufficient, should sustain the attachment. (*Connor vs. County Commissioners of Rice County*, 20 Kan., 575).

We are not able to state what the evidence in this

case proves, for the record does not show that all the testimony is before us; and without all the testimony, it is a well settled rule that no part of if can be considered. (*Smith vs. Gill*, 10 Kan. 74; *Gallober et al. vs. Mitchell*, 10 Kan. 75; *Clark vs. Hall et al.* 10 Kan. 81; *O'Brien vs. Greitz*, 10 Kan. 202. *The Western Mass. Ins. Co. vs. Duffey*, 2 Kan. 347; *Cooper, ad'r, vs. Armstrong et al*, 4 Kan. 30; *McGrew vs. Armstrong*, 5 Kan. 284; *Topeka vs. Tuttle*, 5 Kan. 425; *Hale vs. Bridge Co.*, 8 Kan. 466; *Turner vs. Hale*, 8 Kan. 38; *McIntosh vs. Commissioners of Crawford Co.*, 13 Kan. 177.)

That part of the judgment which we presume was excepted to by the plaintiff in error, reads as follows:

"The court further finds from the evidence that the plaintiff has no cause of action against the defendants, A. Gustine, and A. Gustine & Co.; and the court further finds that said motion should be sustained as to A. Gustine, and A. Gustine & Co,, and overruled as to E. Gustine; and it is by the court hereby ordered and adjudged and decreed that the motion to dissolve the attachment be, and the same is, hereby sustained as to A. Gustine, and A. Gustine & Co., and that said motion be, and the same is. hereby overruled as to E. Gustine."

While it would appear on the first reading of the judgment that the court had inquired into the question as to whether the cause of action existed, yet it is clearly our opinion that it was the intention of the court to pass only upon the testimony introduced, on the motion to discharge the attached property. This is evident from the fact that the motion was sustained, and the failure of the judgment to embrace an order dismissing the main action. We are satisfied that the court simply meant to render judgment in the attachment proceedings, otherwise the journal entry would have directed a dismissal of the original cause of action. The finding of the court must necessarily have been based upon the tes-

timony introduced, and as before stated, all the testimony not being before us, we cannot consider the question as to whether the court erred in its conclusions therefrom.

If the petition does not state a cause of action against a defendant, the court, in the absence of an amendment of the petition, or, if it is incapable of amendment, is justified in dissolving an attachment issued against the property of such defendant. (*Quinlon, Montgomery & Co. vs. Danford*, 28 Kan. 507).

The allegations of the petition and the attachment affidavit must be the same in substance. The claim set up in the affidavit must be the same cause of action pleaded in the petition, and the debt sued on in the petition must be the same debt sworn to in the affidavit in attachment. An attachment is obtained for the eventual satisfaction of the demand of the creditor, and if the creditor has no demand to satisfy, he is not entitled to an attachment. (*Quinlon, Montgomery & Co. vs. Danford, supra.*)

The attachment affidavit, as well as stating the nature of the plaintiff's claim, must state that the claim is just, due and remains unpaid, and that the plaintiff believes he should recover. If the allegations of the attachment affidavit be disputed by counter affidavits, then it becomes necessary for the court, upon hearing the motion to dissolve, to take testimony on the disputed questions, in order that it may have a full and complete knowledge of the controversy, so as to do equal and exact justice between the parties. The authorities show, conclusively, that the petition and affidavit must show a cause of action. The testimony, taken on a hearing of the cause on motion, should show the same thing. If the plaintiff has no cause of action, as shown by the testimony, how can his claim be either just or due? If he has no cause of

action, he cannot recover; and if he cannot recover, nothing is due him and his claim is not just.

The plaintiff in error contends that the court had no right, upon the hearing, to enter into the merits of the case and inquire into the original cause of action. This, as a general rule, is correct; yet the court may inquire into the alleged existence of the grounds of attachment, set forth in the affidavit, and if such inquiry, incidentally, refers to some of the allegations of the petition, this does not compel it to refuse consideration of the motion, or suspend decision, until the final trial of the cause. (*Bundrem vs. Denn*, 25 Kan., 430.) If the testimony introduced, upon the hearing of the motion to dissolve, does not sustain the allegations of the affidavit, then the motion must be sustained and the attached property discharged. The attachment proceedings are merely auxiliary to the main cause of action, and the motion to dissolve does not interfere with the regular trial of the cause. The trial proceeds the same upon the merits of the case as though no action upon the motion had been taken. (*Bundrem vs. Denn*, 25 Kan. 435.)

We think that where the testimony disclosed that the property of the defendant is wrongfully held, it is the duty of the court to discharge the property from such attachment. This may frequently appear from the pleadings and process, or it may be necessary to hear testimony as stated.

The question as to the right of the plaintiff in error to proceed in attachment against the defendant's property, the cause of action being founded on a tort, is not raised by his brief; but if it were, a discussion of the question is unnecessary, as we have determined that the attachment was rightfully discharged on other grounds. The court may have had this point in view when judgment of dissolution was rendered; but

it appears that the findings were from the evidence only, so that it is not likely that this is true.

In our determination of this case, we have confined ourselves to the Kansas rule, since the adoption of the Kansas code carries with it the construction given by the supreme court of that state, and should thus be the rule of this court. We have carefully examined the Kansas authorities in that state on the proposition in controversy, in this case, and find that they clearly sustain the rule as laid down in this opinion.

The judgment of the lower court should be affirmed and it will be so ordered.

All the Justices concurring.