## MARTIN HEFFERLIN v. CYRUS R. STUCKSLAGER.

1. PROBATE COURT—*Jurisdiction, how obtained.* Where, in a proceeding against an executor for waste of his decedent's estate, instituted in the probate court under the provisions of §§ 223, 224, 225 and 226, ch. 91, Comp. L. 1862, the record shows that such executor was present before such court, appearing to the action or proceeding by pleading, and otherwise, *Held*, that such record sufficiently shows that the probate court had obtained jurisdiction of the person, in such case, even though it is not shown that service of process had been previously made upon such executor.

2. EVIDENCE—*Admissibility of Judgment.* In an action on an official bond, brought by S. against an executor and his sureties, the records of the probate court showing a judgment in favor of S. against such executor for waste of his decedent's estate, is admissible in evidence.

3. JUDGMENT—*Error not presumed against it.* It will be presumed that such evidence as was necessary to sustain a judgment was introduced until the contrary is shown. (*Shelton v. Dunn*, ante, p. 128.)

### *Error from Wyandotte District Court.*

STUCKSLAGER sued *Hefferlin* and his sureties before a justice of the peace, counting on an executor's bond, and a breach thereof by *Hefferlin*. On the trial, plaintiff offered in evidence the record of a judgment rendered by the probate court of Wyandotte county in a proceeding in his favor against *Hefferlin* as executor; the justice admitted the judgment in evidence, and defendant excepted. Judgment being given in favor of *Stuckslager*, the defendant *Hefferlin* removed the cause to the district court by petition in error. The district court *affirmed* the judgment of the justice, and *Hefferlin*, and his co-defendants now bring the case here for review. The error assigned in the court below, and relied upon in this court, was the admitting in evidence the record of the judgment and proceedings of the probate court. The particular points of objection thereto are stated in the opinion of the court hereinafter given.

*Jesse Cooper,* for plaintiffs in error:

1. The justice erred in admitting the records of the probate court to be read in evidence. The records do not show that Hefferlin was served with process, and the probate court had no jurisdiction of his person. The proceedings in that court were under a special statute, (§§ 223 to 226, ch. 91, Comp. L. 1862, p. 545;) and the code authorizing a voluntary appearance does not apply in this case. 16 Mo., 437; 19 Mo., 317.

2. The probate court had no jurisdiction of the subject-matter, and the proceedings and judgment of that court are *coram non judice*, and void. There is no proper suggestion showing that the executor had been guilty of waste; no issue was directed by the probate court to be tried.

*Bartlett & Hale,* for defendant in error:

The proceedings before the probate court were regular. The requirements of the statute were complied with. Stuckslager, a creditor, after a settlement showing a deficiency, filed a complaint suggesting that Hefferlin, the executor, was guilty of waste. The executor appeared in person, and filed an answer in writing. The case was tried, and the court gave judgment.

The appearance and answer of the executor, followed by a trial, at which he was present, and to which he consented by taking part therein, constitute a *waiver* of all process, and service thereof. It is too late to object for want of process and service, even if process were necessary.

The justice was clearly right in admitting the record and judgment in evidence; and the order of the district court, so deciding, must be affirmed.

The opinion of the court was delivered by

SAFFORD, J.: This was an action originally brought before a justice of the peace, to recover of Martin Hefferlin and his sureties, upon an executor's bond, the amount of principal, interest, and costs claimed to be due upon a judgment of the probate court of Wyandotte county. The said judgment had theretofore been rendered in a proceeding instituted in the probate court against the said Hefferlin, as executor of the estate of one Rowena Harris, deceased, upon a suggestion of waste of said estate, and of failure to account for all the assets thereof which had come into his hands, and which said proceeding was prosecuted under the provisions of the statute in such case made and provided : §§ 223, 224, 225, 226, ch. 91, Comp. L. 1862. The record does not contain either the petition or the answer which were filed in the justice's court, but it does show that such pleadings were in fact so filed; and in the absence of anything to the contrary, it is presumable that the issues were thus properly joined between the parties. There is however no point made in respect of these matters; neither is there any claim that the suit was not properly brought.

Upon the trial before the justice, the executor's bond, which had been executed by Hefferlin and his sureties for

1. JURISDICTION— the faithful administration of said estate, was Voluntary appearance. introduced in evidence. Then followed the offering in evidence of the record of the probate court before referred to. To the introduction of the said record, the defendants objected, first, " because it did not appear that said Hefferlin had been served with process to appear before said judge of probate;" and second, " because said judge of probate had no jurisdiction of the subject-matter of said action, and could not ren-

der a legal judgment in the premises." We do not think that the objections were well founded. The proceeding in the probate court against the executor was one authorized by the law, which has already been referred to; and so far as we are able to judge, it was conducted in an unobjectionable manner. The subject-matter of the inquiry was fully within the meaning of the statute, and it was therefore not only within the power of the probate court to make the investigation, but it was a duty so to do. The parties also by their acts recognized the validity and regularity of the proceedings before the probate court. The defendant Hefferlin, as executor, as well as the complainant, appeared therein, in person and by counsel. They both filed their written statements in regard to the matters in difference between them, and thereupon the issues being joined as upon a petition and answer in other cases, they proceeded to trial; and evidence having been submitted on behalf of either party, the probate court found for the complainant, and rendered judgment accordingly. It is true, that the record does not show a service of process upon the defendant Hefferlin; but it does show, as has already been stated, that he was present before the court, and appearing to the action or proceeding, by pleading, and otherwise; and all this he did, without making any objection of any kind to the proceedings, as far as may be learned from the record. The objection, even if it could have been regarded at any time, comes too late to avail the party anything, and especially when made under the circumstances surrounding this case. No other grounds of objection were urged to the introduction of the testimony, and we think that the justice was

2. EVIDENCE;
judgment;
competency;
admissibility.

right in allowing the record of the proceedings and judgment of the probate court to be received in evidence.

Some other questions, as touching what was proven on the trial before the justice, have been suggested in this case; but they are not insisted on in the brief of counsel. It is to be remarked however in this connection, that the record does not purport to contain all of the evidence which was offered, by and on behalf of either the plaintiff or defendant; and such being the case no question of this kind will be considered in this court. It will be presumed that such evidence as was necessary to sustain the judgment was introduced, until the contrary is shown. *Shelton v. Dunn*, ante, p. 128.

*3. Judgment. No error presumed against it.*

The judgment of the district court will be affirmed.

All the Justices concurring.