SAMUEL N. SIMPSON, *et al.*, v. MARY E. WOODWARD.

*Error from Douglas County.*

1. DAMAGES : TREBLING THE SAME.—When in a suit founded upon the provisions of chapter 208, Comp. L., all of the issues were submitted to the decision of a referee, and his findings of the facts necessary to sustain the suit were in favor of the plaintiff, it was not error for such referee to treble the damages actually proved.

2. RECORD : PRESUMPTIONS.—Where, in such a case, none of the evidence is preserved, and there is no affirmative showing to the contrary, it will be presumed that the referee heard and decided the issues submitted, upon testimony applicable thereto and properly admissable under the pleadings.*

*1. PENALTY FOR CUTTING TIMBER.—The penalty provided for in chapter 208, Comp. L., applies to the cutting and carrying away of "any timber, rails or wood standing, being or growing on he lands of another," and includes standing trees.

In addition to the statement of facts contained in the opinion, it may be mentioned that the referee found that the plaintiff was guilty of "entering upon the premises of the plaintiff, and of wrongfully cutting down and carrying away a certain quantity of trees and timber, the property of the plaintiff, and of the value," etc.; but the record does not disclose any finding that the trees so cut down and carried away were "placed or growing for use, shade or ornament;" nor did the referee find that the trespass was committed within the year preceding the commencement of the action.

The record does not contain the evidence introduced before the referee, but contains the findings of law and fact and the other proceedings in the case.

*Thacher & Banks*, for plaintiff in error.

*Charles Chadwick*, for defendant in error.

*For plaintiff*, it was submitted:

1. The facts found by the referee are not sufficient to sustain his finding of law that the judgment shall be for treble the value of the property alleged to have been taken. To justify that conclusion it should appear that the suit was brought within one year after the cause of action accrued. The statute under which the action was brought, is penal. The judgment prayed for, is in its nature a penalty. The record of the proceedings therefor should receive a strict construction, and all the elements necessary to sustain an imposition of the penalty should affirmatively appear. *Sedg. on Dam.*, [4th Ed.]

2. LIMITATION OF ACTIONS.—It seems that the record need not show that the trespass was committed within the year next preceding the commencement of the action; this will be presumed where the record does not contain the evidence, and where no showing is made to the contrary.

3. TRESPASS: FINDINGS OF REFEREE.—It is sufficient in such an action for the referee to find that the defendant cut and carried away timber of the plaintiff: it seems that the report need not show that such timber was "placed or growing for use, shade or ornament."

675; *Barnes v. Williams*, 11 *Wheat.*, 415; *Sloan v. Johnson*, 14 *Sm. and M.*, 47.

2. It does not appear by the record that the trees cut down and carried away, were "placed or growing for use, shade or ornament," as the statute requires. [*Comp. L., Chap.* 208.] A trespasser on timber land is liable only for the actual damages, unless he is shown to have committed the acts specified in this penal statute. The findings of the referee do not bring the case within its specifications.

*Chadwick, for defendant,* maintained:

1. The statute gives in cases like the one at bar as compensation to the plaintiff, and to punish the trespasser, treble the value of the trees cut. *Comp. L.*, 896, § 1; *Gen. Stat.*, 1,095, § 1.

2. If the case had been tried by a jury the augmented damages could have been assessed, and a verdict for the treble value rendered. *Sedg. on Dam.*, 571; *Newcomb v. Butterfield*, 8 *Johns.*, 345.

3. The report like the verdict of a jury is conclusive upon questions of fact. 5 *Barb.*, 469; 3 *Comst*, 168; 3 *Barb.*, 119; 7 *Wend.*, 179; 6 *Barb.*, 141; 7 *id.*, 271; 12 *id.*, 261.

4. The record failing to set forth the evidence it will be presumed that there was sufficient in the case to sustain the finding of the referee. His report stands as the decision of the court, and judgment was correctly entered thereon. *Gen. Stat.*, 685, § 293.

5. The record shows that the action was not barred.

*By the Court,* SAFFORD, J.

This was an action brought in the district court of Douglas county by the defendant in error against the

plaintiff in error, to recover damages for the wrongful cutting and carrying away of timber, trees and wood from the lands of the said defendant in error, by the said plaintiffs in error, and was founded upon the provisions of chapter 208, compiled laws, 1862. The issues were made up between the parties by the filing of their respective pleadings, all of which was done in due course of law, as appears by the record. After the making up of such issues, all of the parties appearing in open court, and consenting thereto, an order was made and. entered on the journal, by which the cause was "referred to a referee to hear and determine the same upon the issues joined between the parties." Pursuant to such order of reference,. the cause was afterwards heard upon the pleadings and upon the evidence submitted by the parties, and was argued by counsel.

The finding of the facts by the referee was substantially as they were laid in the petition, and the value of the timber and trees found to have been carried away, as alleged, was fixed at the sum of ·two hundred and one dollars and . seventy-five cents. Thereupon the said referee found as a conclusion of law, as follows: "That the said, plaintiff is entitled to recover of and from the said defendants *treble* the value of the property so taken, as aforesaid, to-wit: the sum of six hundred and five dollars and twenty-five cents." A report of the proceed-· ings of the referee, showing his said findings of fact and conclusion of law, was duly filed in the office of the clerk of the court making the reference, and was afterward brought to the notice of such court upon a motion to confirm and for judgment thereon. But the defendants below objected to such confirmation and moved the court to set aside the said report on the sole ground "that the referee had trebled the damages," when there

were no facts found in the case sufficient to authorize
him to do so.  This motion was overruled and the court
-proceeded to render judgment according to the findings
of the referee.  To these rulings and judgment excep-
.tions were duly taken.  We must confess our inability to
see much force in the reason given in support of the mo-
tion to set aside the report, inasmuch as it appears to us
that the facts found are such as bring the case fully
within the provisions of chapter 208, above referred to.

It is there enacted, " that if any person shall
cut down  *   *   *   *   or carry away any
tree,  *   *   *   growing for use,  *   *   *   or
any timber, rails, or wood, standing, being or growing
on the land of any other person,  *   *   *   *   *   the
party so offending shall pay to the party injured, *treble*
the value of the thing so injured  *   *   *   *   *   or
carried away, with costs.  Now, if the law here stated
(and we think it a fair reading of section one of said
chapter 208) does not sufficiently meet the case as made
by the facts found, and so as to be applicable thereto, we
cannot discover the point of failure.  The findings are
that the defendants below entered upon the premises of
the plaintiff and *wrongfully* cut down and carried away
a certain quantity of trees and timber, the property of
the plaintiff, and of the value of two hundred and one
75-100 dollars, showing in our judgment just that state
of facts, in respect of the action of the defendants in the
premises, which is intended to be provided against in the
statute and which authorizes the infliction of the penalty
of treble damages.  But it is argued that the penalty of
the statute lies against the cutting down and carrying
away of only a particular kind of trees, etc.  Such a
construction might possibly obtain were it not for addi-
tional words which are introduced, and which are so

DAMAGES FOR
Cutting Timber:
Trebling the
same.

broad in their signification as to include almost every-
thing in the shape of forest growth, whether cut down
or not.   Thus the penalty attaches to the carrying away
of "any *timber*, rails or wood, *standing*, *being*, or grow-
ing on the lands of another."

The word timber, in common parlance, is often ap-
plied to standing trees, and that it *includes*, at least such
standing trees, as here used, is shown by the use of the
word "standing," which follows in the same sentence
and evidently refers to the term "timber."   But in
order to carry away such "timber," or "standing
trees" they must be cut down, so that by necessary con-
struction when the statute provides against such carry-
ing away of such timber, meaning standing trees, it is
but reasonable to hold that the cutting thereof is as well
included, and the referee, as before shown, says that the
defendants below both cut down and carried away, etc.
Taking then the whole statute together we cannot see
the shadow of a just reason for holding that the wrong-
ful cutting and carrying away of *any kind of* trees of value
from the lands of another is not made the subject of the
penalty named; so also in regard to the *carrying away* of
such trees, etc.   This act of itself comes within the
statute and incurs the penalty.   But it is further con-
tended that the findings do not show that the trespasses
charged were committed within one year from the com-
mencement of the suit.   This may be true, but do they
show the contrary?   And on the other hand, does not
the whole case taken together show that the trespasses
were not barred?   The petition most certainly is suffi-
cient in this respect, and no special issue is tendered by
the answer as applicable to the point raised.   How then
shall we say, in the absence of any of the testimony or
any other showing whatever, that the referee went *outside*

of the case as presented upon the pleadings, and heard unauthorized testimony. Shall we not rather presume in favor of the correctness of the proceeding of the referee, and that the facts which he found, were proven by testimony which was applicable and proper to be introduced. But besides this, when counsel press this argument, they ask us to *presume* that testimony was erroneously received and considered by the referee, when, if such was the fact, they had only to preserve such testimony and their objections thereto to make it manifest. This they have wholly failed to do. It is further objected that the referee exceeded his authority in trebling the damages; that he should have left this for the court. We do not see that any practical importance can be attached to the question here raised. The actual value of the property carried away having been found, and the facts of the trespass being shown, the law fixed the amount of damages at treble the amount so found; and it could make no difference whether it was declared by the referee or by the court. We think, however, that it was proper for the referee to make the finding, as a jury might have done under the direction of the court, had the case been so tried. A point is made as to the jurisdiction of the court, but if our views as above stated are correct, this question does not properly arise in the case.

We are of the opinion that the judgment below should be affirmed.

KINGMAN, C. J., concurring.

VALENTINE, J., not sitting in the case.