MICHAEL HOFFMAN, ET AL., V. MEYER & GUYE.

1. ERROR *must be shown affirmatively.* Where the record does not show all the evidence in a cause, this court will not indulge in far-fetched inferences in order to reverse a ·decision of the district court.

2. PROCEEDS OF SALE—*Surplus on Sale of Homestead—Who entitled to receive.* If a homestead is sold under forced sale, to pay the debt of A., and B. has a mortgage foreclosed upon the same premises, B. is entitled to the surplus arising from the sale after A.'s claim is satisfied, he having a better lien than other judgment creditors.

*Error from Leavenworth District Court.*

CERTAIN LANDS of Henry A. Becker were sold by the sheriff under a judgment of foreclosure of mortgage in favor of Clinton Cockrill; and upon confirmation of said sale, it appeared that there remained in the hands of the sheriff, out of the proceeds of sale, a large amount of

money; and thereupon other judgment creditors of said Becker filed their several motions for an order upon the sheriff to apply said surplus to the satisfaction of executions issued to and held by him on their respective judgments. Upon the hearing of such motions, it appeared that the judgments against Becker were recovered in the district court, as follows: by *Meyer & Guye*, $1,461.80, August 17, 1868, in an action to foreclose a mortgage given on certain real property; by *Rohlfing & Co.*, $224.81, August 28, 1868, in an action upon a note; and by *Michael Hoffman*, $216, November 17, 1868, in an action upon a note. It also appeared that the executions in favor of Rohlfing & Co., and Hoffman, were in the hands of the sheriff one day before he received the execution in favor of Meyer & Guye. It was also shown, that Becker had given the sheriff written orders to pay the money to *Rohlfing* and *Hoffman*.

In deciding the motions the court below found, "that "the said judgment in favor of said *Meyer & Guye* against "said Henry A. Becker, was and is a first lien upon the "lands and tenements sold upon the execution (issued on "the Cockrill judgment) aforesaid, and from the sale of "which the said surplus of money arises." And the court thereupon made an order, directing the said sheriff to "apply the said surplus of money in his hands remain- "ing towards the satisfaction of the said judgment of "*Meyer & Guye*."

To which finding and order of the court the said *Rohlfing & Co.*, and said *Michael Hoffman*, duly excepted, and now bring the same here by petition in error, for review—claiming that they were entitled to the money by virtue of Becker's written orders to the sheriff to apply the money on their executions.

*Thomas P. Fenlon,* and *Sawyer & Herman,* for plaintiffs in error:

1. The property sold was the homestead of Becker and his family; and it was not liable for a personal judgment against him.   *Morris v. Ward,* 5 Kas., 239; 9 Iowa, 60, 509; 5 Minn., 333; 25 Ill., 221; 7 Cal., 342.

The proceeds of the sale of the homestead are not subject to the husband's debts.   15 Texas, 485.

2. The executions of Rohlfing & Co. and Hoffman were placed in the sheriff's hands prior to that of Meyer & Guye; so, if there was any lien upon the proceeds, the first executions created the prior liens.

3. The homestead being exempt from personal judgments, the surplus belonged to Becker and his wife. Becker gave orders to the sheriff to pay the money to Rohlfing and Hoffman, in satisfaction of their claims. This he had a right to do.   Meyer & Guye had a mortgage on other property for the amount of their claim; and they must exhaust their security before they could claim the money arising from the sale of the homestead to the payment of their judgment.

If the personal judgment of Meyer & Guye was a lien on the surplus proceeds of the homstead, they had a lien upon two funds for security.   Rohlfing and Hoffman had only the surplus arising from the sale of the homestead, while Meyer & Guye had a mortgage lien and a decree of foreclosure upon a separate and distinct piece of real estate not the homstead.   Equity will compel Meyer & Guye to take their satisfaction out of the fund upon which they alone have the security, so that both parties may escape without injury.   3 J. J. Marsh, 212; 2 Paige, 300; 19 Johns., 486; 10 N. Y., 178; 9 Mo., 491; 2

McLean, 44; 1 H. Black, 136, 150; 1 John. Ch., 409, 425; 4 id., 123.

*Clough & Wheat*, for defendants in error:

1. The judgment in favor of Meyer & Guye was rendered before either of the other judgments mentioned in the case were rendered, and within one year of the time of the making of said order complained of.

This court will take notice of the time at which the law requires the terms of the district court to be held in Leavenworth county, to-wit, in March, 1868, and in May, 1868. The judgment of defendants in error was a prior lien on all such of the lands of Becker as a judgment could be a lien upon. Code 1859, §§ 433, 459; Code 1868, §§ 419, 468; 3 Ohio, 137; 5 Ohio, 50, 334.

2. How any "homestead" question can affect this case, is more than we can understand. The plaintiffs in error did not preserve any evidence which would show whether Becker was, or ever had been a married man; or that he had a family at any time.

3. There is nothing in the record to show but that evidence enough to sustain the finding and decision was given. All the evidence not being before this court, it cannot say that the court below erred.

The opinion of the court was delivered by

KINGMAN, C. J.: This is a proceeding in error to reverse an order of the district court in the case of Clinton Cockrill against Henry A. Becker and others, directing the sheriff to pay certain moneys to the defendants in error, which money was the surplus proceeds of a sale made in that case.

Each of the parties held judgments against Becker which were less than one year old, that of Meyer & Guye being the oldest, and being also for the foreclosure of a mortgage. The court found that the mortgage of Meyer & Guye was a first lien upon the lands and tenements sold upon the execution of Cockrill, and gave judgment accordingly. Hoffman, and Rolhfing & Co., claim that the judgment was erroneous upon two grounds: First, that the lands sold under Cockrill's judgment was a homestead, and therefore no lien attached by reason of the judgment of Meyer & Guye; second, Meyer & Guye held a mortgage upon certain real estate of Becker's which had not been sold to satisfy the lien upon it, and therefore having a fund out of which they could make their debt they were not entitled to the order giving them the surplus made on the execution in favor of Cockrill.

*1. ERROR cannot be presumed; it must be shown.*

If every principle of law contended for by the plaintiffs in error were conceded, and if it were admitted that the estate sold under Cockrill's execution were a homestead, still we could not reverse the judgment of the district court in this case. The record does not show all the evidence, and we cannot indulge in far-fetched inferences. It nowhere appears from the record, even by fair inference, that the mortgage of Becker to Meyer & Guye, was not upon the identical property sold under Cockrill's execution. If it were so, they had the first lien, and the judgment was correct upon that ground. And it would not be otherwise, even if the property was a homestead. There is no showing from the record that Becker ever owned a foot of land, other than that sold, which he could mortgage.

*2. Sale of mortgaged premises; who entitled to proceeds;*

*—in case of homestead.*

This is a sufficient reason for affirming the decision of the district court. Judgment affirmed.

All the Justices concurring.