## AMELIA BANCROFT, *et al.*, V. JESSE CHAMBERS.

1. EJECTMENT; *Plaintiff must show Title.* In an action for the recovery of real estate, where the answer is a denial of title, the plaintiff must show a perfect title, or a state of facts that dispenses with that degree of proof.

2. ——— *Evidence offered by Defendant.* Where in such action the plaintiffs show a deed to their ancestor, and then rest without showing any title in the grantors of the deed to the ancestor, they have not made out

a *prima facie* case; nor is this defect supplied by the defendant who puts in evidence a deed from the administrators of the estate of plaintiffs' ancestor to his vendors, without any testimony that he holds under the title. The deed is some evidence that he holds under it, but not conclusive.

3. JUDGMENT; *Presumption in favor of.* When the trial is by the court, and no special findings are made, all presumptions are in favor of the judgment.

## *Error from Allen District Court.*

EJECTMENT for lots 11 and 12, in block 21, in the town of Humboldt, brought by *Amelia Bancroft* and nine others as plaintiffs. They claimed said lots as the heirs-at-law of Aaron Case, deceased, and they allege in their petition that said Case died intestate, "and that at the time of his decease he was the owner of and possessed in fee simple" the said lots. *Chambers* filed a general denial. The action was tried at the November Term 1871. The plaintiffs gave in evidence a warranty deed from Humboldt Town Association to said Case for said real estate, executed January 5th, 1861, which was duly recorded, and it being admitted that plaintiffs were the lawful heirs of said decedent, the plaintiffs rested. The defendant thereupon introduced in evidence a deed of said premises from James Faulkner and Amelia Case, (now *Amelia Bancroft*,) the administrators of said decedent's estate, to one Thurston, executed April 6, 1866, and purporting to convey under direction of the probate court of said county. Defendant also introduced in evidence a deed from said Thurston to defendant; and thereupon defendant rested. As rebutting testimony plaintiffs gave in evidence the records of the probate court, from which it appeared that the petition of the administrators asking a sale of said premises was unverified; that the grounds assigned for such sale were, that they believed the sale "would be for the interest of the estate;" that license was given, and that they sold said lots to Thurston at private sale; that from the proceeds of the sale of the personal estate of Case all the debts of the estate had been paid and a large surplus was in the hands of the administrators. The district court found generally for the defendant, and gave

judgment for the defendant. Plaintiffs bring the case here for review.

*H. W. Talcott*, for plaintiffs in error:

1. The one issue is as to the title. The possession of Chambers, and the averment that plaintiffs are the heirs-at-law of Case, were admitted on the trial. The evidence clearly shows that the plaintiffs are the legal owners.

2. All the title that the defendant has or claims came through the probate court and the representatives of plaintiffs' ancestor, and the evidence clearly shows that the probate court did not have jurisdiction either of the real estate to be sold, or of the parties interested in said estate. As to jurisdiction of the real estate sold, or subject-matter in controversy, it is submitted, 1st, the authority given to probate court to sell real estate of decedent is in derogation of the common law, and can be exercised only in cases specified by statute. Willard on Executors, pages 30, 292, 305; *Sheldon v. Wright*, 5 N. Y., 513; 13 Barbour, 252. The only cases in which real estate of decedent could have been sold by probate court under the statutes of Kansas was, either when there was not sufficient personal property to pay the debts, or when a petition was presented "setting forth the facts and describing the real and personal estate, and praying that the personal estate be reserved, and the real estate be sold for the payment of debts," or when, if upon the settlement of any executor or administrator, it appear that the personal estate is not sufficient to satisfy all demands established against said estate." Comp. Laws, ch. 91, §§ 121, 133, 150. These were jurisdictional prerequisites, and one of them should have been shown to exist as directed by statute. 5 N. Y., 512; 2 Wash. Real. Prop., 570; 10 Wend., 241; 5 Kas., 354. The records of said probate court completely fail to show affirmatively one single fact giving it jurisdiction. The records do show that it *did not* have jurisdiction, and that it never could have obtained jurisdiction. The petition did not set forth one single fact required by § 128, page 530, § 133, page 531, or

§ 150, page 530, Comp. Laws; neither was it verified as required by § 128. Instead of setting forth a state of facts required to be set forth in either of the only three cases in which the real estate of a decedent is allowed by our statute to be sold, the petition asked the sale simply because the petitioners believed it "would be for the interest of said estate." Admitting that the petition is entitled to liberal construction, the case is not helped because the court granted the sale — not because of the existence of one single fact giving it the right, but simply because it appeared that it "would be advantageous to said estate." Again, the evidence shows conclusively, that the probate court did not have jurisdiction by the annual settlement made on the same day the petition was presented. It divulges the fact that, after nearly three years had elapsed from the inventory of the personal property, and the claims that had been presented during that time against the estate, amounting nearly to $1,300, had all been paid, there was still left personal property of the value of more than $1,600. The sale could not have been because there was not sufficient personal property with which to pay the debts, because there was a large surplus after paying the debts all the time; nor was the personal property reserved for the purpose of selling the real estate to pay debts, for nearly $1,300 in personal property had been applied for that purpose before, and about the same amount after, presentation of said petition. There was over $1,600 left at the time of its presentation, although nearly $1,300 had been paid; and, of the $1,600 left at that time, all was gone to pay debts but about $340 at time of distribution, and the real estate now in controversy brought only $100.

*T. L. Byrne*, for defendant in error:

1. By the case stated, this court is asked to review the judgment rendered by the court below. It will be seen that the judgment complained of is one rendered on trial by the court, the findings being general. No special findings were required at the trial below; therefore the error complained of by

plaintiff is to the judgment of the court below solely, and not to the finding. The exceptions must go to the finding, if they desire to take any advantage of it: Code, § 280; 19 Ohio, 426. A general exception to the judgment is of no avail. A motion for a new trial should have been made and overruled, and an exception taken to any adverse ruling on such motion. 2 Kas., 338; 5 Kas., 569.

We claim, further, that in order for this court to review the judgment of the court below, the plaintiff should have asked for special findings on each fact, and excepted to each adverse finding specifically; that plaintiffs should have, within the proper time, filed their bill or bills of exception to the findings, and thus have pointed out the errors they complain of, and have had the exceptions allowed and signed by the court. Code, §§ 290, 300, 301; *Swauk v. Holland*, 6 Kas., 144. And see *Cohen v. Trowbridge*, 6 Kas., 388.

2. In this state the probate court is a court of record, and within the purview of the constitution of general jurisdiction. It is of limited jurisdiction only in the fact that it is confined to certain matters by the constitution; art. 3, § 8. The district court and the supreme court are also limited by the constitution, § 3, art. 3.

We insist that the records of the probate court, like records of other courts, need only set forth the judgment or order, and not the facts upon which such judgment or order is based, and can only be taken advantage of upon appeal. It is a tribunal created by the constitution with exclusive jurisdiction over probate matters. All its records import absolute verity in the strongest sense of the term: 3 Ohio St., 500. The lots in question were conveyed under the authority of the probate court, and by the persons so ordered to convey. And when jurisdiction of a matter is given to a county court by statute the record imports verity, and cannot be collaterally assailed. *Harvey v. Tyler*, 2 Wallace 328; 11 Mich., 393; 17 Mich., 238; 14 Minn., 14, 539.

The plaintiffs do not seek to have the sale revoked because the administrators did not follow their authority. This they

do not question. In this case the administrators conveyed according to their order the purchaser is not to look behind it. In *Gridley v. Phillips*, 5 Kas., 354, the administrator did not obey his order.

The opinion of the court was delivered by

KINGMAN, C. J.: This action for the recovery of real estate was brought by the plaintiffs in error, the heirs-at-law of Aaron Case, deceased. The petition is in the ordinary form for such cases. The answer is a general denial. A jury was waived, and the cause was tried by the court. No findings of fact were made by the court. Judgment was given for the defendant; and an exception to the judgment is the only exception made by plaintiffs in error in the case. The record purports to contain all the evidence in the case. Several interesting questions are discussed in the argument, which it is not necessary to decide, as the judgment must be affirmed on a ground too plain to admit of controversy. Under the issues, as made up, it was incumbent on the plaintiffs to show title to make out even a *prima facie* case. On the trial it was admitted that the plaintiffs were the heirs-at-law of Aaron Case, deceased. The plaintiffs then introduced a deed from the Humboldt Town Association to Aaron Case, and this was all the title shown by them. There is nothing indicating that the lots in controversy ever belonged to the Humboldt Town Association, or that that Association ever had a shadow of title to the lots. It is conceded that if the defendant held under a title derived from Aaron Case, that he could not deny Case's title. But the pleadings do not disclose any such fact; nor does the evidence. It is true that the defendant sought to show title in himself by deed from the administrators of Aaron Case to his vendors; but there is not an iota of evidence tending to show that the defendant held under that title. That title may have been bought by his vendors for the purpose of purchasing their peace, without any confidence in it as a title, and they may have held under a title perfect as against Case or his heirs and every one else. Nor

is there anything in the record tending to show that defend-ant was estopped from denying the title of Aaron Case. The points raised in argument could have been best presented by following the method pointed out by the code, § 290. For the reason given the judgment must be affirmed.

All the Justices concurring.