## JAMES PORTER v. MARY L. HALL, *et al.*

1. FAILURE TO PRESERVE TESTIMONY; *Presumption in favor of Judgment.* Where the record fails to show that all the testimony is preserved, and where (the case being tried by the court) there are no findings of fact separately made, but only a general finding for defendant, and no motion for a new trial, the supreme court cannot determine whether the finding is supported by the evidence or not.

2. ————— In such a case if there are disputed questions of fact going to make up the plaintiff's claim of title, this court will not consider alleged errors in the admission of the evidence of the defendant.

*Error from Johnson District Court.*

PORTER brought his action against the widow and children of Jacob Hall, deceased, and against other parties claiming under them, to compel the specific performance of a contract alleged to have been made by and between said *Porter* and said Jacob Hall. The petition alleged that under said contract the plaintiff and Hall were each to furnish one-half the necessary money to enter lands; that the lands were to be entered in Hall's name, and Hall, upon the issuing to him of the patents for such lands, was to convey to *Porter* the title to the undivided one-half of the lands so purchased; that he had furnished his proportion of the money for the purchase of 320 acres in Johnson county, which were entered by Hall; that the patent therefor was issued in April 1862; that Hall fraudulently obtained possession of the contract; that he had refused to convey to *Porter*, and had since died; that such of the defendants as were not heirs of said Hall had purchased with knowledge of plaintiff's rights, etc. The defendants answered separately, each making a general denial, and the defendants not heirs claiming to be innocent purchasers for value, and claiming also under certain tax-deeds. The action was tried at the November Term 1870 of the district court. Judgment for the defendants, and *Porter* brings the case here on error.

*Case & Putnam,* and *W. P. Douthitt,* for plaintiff in error:

1. The evidence shows, and there don't seem to have been any dispute about it on the trial, that Hall and Porter entered into a written contract by which Porter was to have one-half of this land, and that Hall wrongfully took and kept this contract from the person with whom it was deposited, without the knowledge or consent of Porter; that Porter performed his part of the contract; that defendant Reed had knowledge of Porter's interest in the land before he bought of Jacob Hall; and that the patent was issued to Hall April 10, 1862. The contract would entitle the plaintiff to one-eighth of the land as against all the defendants, unless the tax-titles prevented his recovery. There is no evidence to contradict the plaintiff's right to recover the one-eighth part, outside the tax-deeds. By the contract Porter is entitled to recover four-eighths; by the evidence at least one-eighth.

2. The two tax-deeds of date of December 1, 1864, should have been rejected. They are void on their face. The sale was made on September 6th, 1860. There was no law authorizing the sale of lands for taxes of 1859, at that time. The law of 1858 fixed the time on the second Tuesday of April. The time fixed for the payment of taxes in the law of 1858 was the 1st of February, (Laws 1858, ch. 66, § 82;) or the first Monday in January, (ch. 66, § 49;) or the first day of January, (ch. 66, § 80.) No amount of mathematical calculation under these provisions, can make the time the first Tuesday of September. The sale was made to Johnson county. The assignment of the certificate was made by Johnson county, December 1st 1864. Johnson county, as such, had no power to assign the certificate. They could authorize, through their county commissioners, some person to sell and assign the certificates, but had no power otherwise, to dispose of the lands bid in for the county: 5 Kas., 625; 6 Kas., 65; 1 Dillon Ct. Ct., 416.

3. The tax-deeds of date of May 15th 1865 are void for reasons, to-wit: The sale was made on the 7th of May 1863,

at a time when the county held a certificate of sale for the taxes of 1859; the sale was made to Johnson county and the certificate was assigned by Johnson county, and not as directed by law. The assignment made on the 2d of May 1865, by the "county" of the certificate was void. The law of 1860 and 1864 had been repealed, but if still in force there was no provision by which the county, as such, could make the assignment. There has never been a time in Kansas when the county could assign its certificates in its corporate name. *Sapp v. Morrill*, 8 Kas., 677. The tax-deeds being worthless on their face should have been rejected.

*A. Smith Devenney*, for defendants in error:

1. Plaintiff in error, not having made a motion for a new trial in the court below, he is not entitled, in this court, to a review of the facts: 5 Kas., 567; 2 Kas., 337; 3 Kas., 80.

2. The "case made" does not contain all the evidence: 5 Kas., 312, 569. Every presumption is in favor of the judgment below; and error, if any, must be affirmatively shown: 6 Kas., 128, 166, 356; 8 Kas., 466; 10 Ohio St., 557.

3. The plaintiff's cause of action is *barred* by the five-years statute of limitations. Civil code, §18. This code took effect on the 31st of October 1868. Plaintiff's action was begun on the 6th of June 1870. Plaintiff's cause of action accrued at the date of the issuance of the patent—according to the supposed written agreement—April 10th, 1862—and a *reasonable time* elapsed after the taking effect of the five-years statute of limitations and before the commencement of this suit. Cooley on Lim., 366, note 3; 1 Kas., 126; 6 Kas., 311; 1 Ind., 56; 21 Pick., 109; 15 Wis., 55; 12 Metc., 268, 271; 32 Barb., 428; 13 Mich., 318; 12 Minn., 572; 7 How. U. S., 776; 13 Peters, 45, 312; 10 N. H., 386.

4. Reid was an innocent and *bona fide* purchaser, as to the seven-eighths of the land. Keeler purchased from Reid; he had no notice, and he took such rights as Reid had. Hall having conveyed seven-eighths to Reid, and Reid the same to Keeler, and Keeler having acquired by quitclaim deed the

interests of Sarah R. Davis and C. Wood Davis under the several tax-deeds, we take it that Keeler had the *legal title* to the whole half-section of land, and such was the extent he conveyed to Park and Patrick, who now maintain that they hold the legal title to the whole. The tax-deeds were valid and conveyed the legal title—at least, such is their legal effect. Comp. Laws 1872, p. 877, §10; 4 Mich., 140; 8 Ohio St., 430; 22 Iowa., 411; 19 Wis., 74.

The written contract of agreement between Hall and Porter was executed in the state of Missouri, and was never filed or recorded in the office of the register of deeds for Johnson county, Kansas, or elsewhere; hence it was no notice to any one unless *actual* notice thereof is shown.

5. The evidence shows conclusively that Park and Patrick took *actual possession of the premises* about the 15th of April 1866, made lasting and valuable improvements, and kept the taxes thereon paid up; and they were in actual possession at the commencement of this action, claiming title in *good faith*, under a warranty deed from Keeler. Now, it is wholly immaterial whether the tax-deeds be *void* or *voidable*, as our possession was *adverse* for the statutory period before the commencement of this action. From the moment that actual possession was taken, the original owner was apprised of the claim of defendants, and of its being in hostility to the superior title of plaintiff; then the injury and the remedy concurrently accrued; there were persons to be sued and there was a court to sue in; the statute was in motion and had fully run at the commencement of this action: 11 How., 414; 13 How., 472, 478; 13 Ind., 105; 28 Iowa, 188; 46 Ill., 205; 17 Ill., 254; 4 Geo., 118.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error to compel the specific performance of a contract for the conveyance of certain real estate. The contract was made as alleged in 1858. It was never recorded. The instrument itself was not in evidence, but parol testimony was received

tending to show the making of such a contract, its deposit for safekeeping with one John W. Henry, its loss and its contents and performance by plaintiff. This testimony was sufficient to make a *prima facie* case for the plaintiff. But the record fails to show that all the evidence on the trial was preserved. No findings of fact, or conclusions of law, were made, but only a general finding for defendants, and there was no motion for a new trial. Under these circumstances, well settled by prior adjudications, it is impossible for this court to affirm error. A general finding for defendants finds all the issues in their favor and against the plaintiff. How can we decide that the court erred in such finding, without examining all the testimony upon which it was based? The plaintiff's claim of title rested upon several facts. It was not conceded by the pleadings. It was not based upon a single instrument, like a patent, making of itself proof. The fact of a contract between the parties named in the petition, the terms as therein set forth, and the performance by·plaintiff of his portion of the agreement, must all appear before any right of recovery is shown. Until we can see from the entire testimony that all these facts were as claimed by plaintiff it would be useless to inquire as to the defendants' title, or whether the court erred in the admission of their deeds. For the plaintiff must recover on the strength of his own and not on the weakness of defendants' title. Upon the rule which decides this case see the following decisions: *Major v. Major*, 2 Kas., 336; *Lacy v. Dunn*, 5 Kas., 567; *City of Topeka v. Tuttle*, 5 Kas., 323; *Shelton v. Dunn*, 6 Kas., 128; *Hefferlin v. Stuckslager*, 6 Kas., 166; *Hall v. Jenness & Cohen*, 6 Kas., 356; *Hoffman v. Meyer & George*, 6 Kas., 398; *Hale v. Bridge Co.*, 8 Kas., 466; *Bancroft v. Chambers*, 10 Kas., 364. The judgment of the district court will be affirmed.

All the Justices concurring.