## JOHN C. MURRAY v. A. J. KELLEY.

1. TESTIMONY, *Unpreserved in the Record.* Where the bill of exceptions recites that "the following among other testimony was given," it is clearly shown thereby that all the testimony is not preserved in the record.

2. ———— Where a cause is referred to a referee to find and report the facts to the court, and the record does not purport to contain all the evidence, this court cannot decide that the findings of the referee are contrary to the evidence.

*Error from Wyandotte District Court.*

ACTION brought by *Murray,* against *Kelley,* to recover $720 alleged to be due plaintiff. Trial at the April Term, 1879, of the district court, and judgment for plaintiff for $38.50, to which he excepted, and brings the case here. The opinion states the facts.

*D. B. Hadley,* and *J. W. Dunlap,* for plaintiff in error.

*F. M. Black,* and *R. W. Quarles,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in October, 1878, in the district court of Wyandotte county, by John C.

Murray against A. J. Kelley, to recover $720 for a balance alleged to be due plaintiff in carrying on the foundry business by the parties to the action, in Kansas City, Missouri, during 1877. J. B. Scroggs was appointed referee. His report was filed April 5, 1879. At the April term, 1879, the report was confirmed by the court, and judgment rendered for plaintiff for $38.50. Plaintiff excepted, and brings the case here. He alleges, that the referee in stating the accounts between the parties erred in favor of the defendant, and that upon the testimony his report should have stated $633.13 due to plaintiff, instead of $38.50. Counsel of the plaintiff assert in their brief that the question to be determined in this proceeding is the manner of stating the account between the parties. Unfortunately for him, the record is in no condition for us to decide whether the referee erred in his findings, or not. The bill of exceptions recites, that "The following among other testimony was given." This clearly shows that all the testimony has not been preserved. Without examining all the testimony taken before the referee, we cannot say that the findings are against the evidence. The presumptions are in favor of the findings. All the evidence is not brought to us, and we must presume the findings are correctly given. (*Walker v. Eagle Works Manfg. Co.*, 8 Kas. 397; *Bayer v. Cockerill*, 3 Kas. 282; *Simpson v. Woodward*, 5 Kas. 571; *Porter v. Hall*, 11 Kas. 514; *Davis v. Wilson*, 11 Kas. 74; *Hale v. Bridge Co.*, 8 Kas. 466; *Blair v. Fields*, 5 Kas. 58.)

The judgment of the district court will be affirmed.

All the Justices concurring.