Freeman v. Waynant, *Adm'r.*

tiff brings the case here.   During the pendency of this case in the supreme court, and on the 27th day of April, 1881, a county-seat election was held in said county, when Marion Center received 1,165 votes; Hillsboro, 745 votes; scattering, 4.   Majority for Marion Center, 416.

*C. Reed,* county attorney, *Frank Doster,* and *L. F. Keller,* for plaintiff in error.

*Knowlton & Kollock,* for defendants in error.

W. H. H. FREEMAN v. EDWARD W. WAYNANT, *Adm'r, &c.*

ACTION brought by *Freeman* against *Waynant,* as administrator of the estate of J. B. Waynant, deceased, for services as an attorney.   The facts are stated in the opinion, *infra.*

*W. H. H. Freeman,* plaintiff in error, for himself.
*Ed. W. Waynant,* defendant in error, for himself.

*Per Curiam:* This action was begun by plaintiff in error in a justice's court in Marshall county, Kansas, in May, 1880, to recover the sum of $50 for services as an attorney.   The defendant in error filed his answer, consisting of a general denial, and pleading the statute of limitations.   A jury trial was had, and a verdict and judgment were rendered for plain-

tiff, and no objection was made to the jurisdiction of the justice. The defendant afterward filed his notice of appeal with the justice, and the case was transmitted to the district court in and for said county, as on appeal. At the August term, 1880, of the district court, the plaintiff moved to dismiss the so-called appeal, on the ground that no appeal bond had been filed; and the defendant at the same time filed his motion to require the plaintiff to amend his bill of particulars. The motions were general, and both plaintiff and defendant appeared generally and argued these motions. On consideration of the court, the defendant's motion was overruled, and plaintiff's motion to dismiss the appeal was allowed, unless defendant should file a good and sufficient appeal bond, to be approved by the clerk of the court, within fifteen days from September 1, 1880. The defendant, on the 6th day of September, 1880, filed such appeal bond, duly approved by the clerk. At the December term, 1880, of the court, this action was dismissed, on motion of defendant, for want of jurisdiction; to which ruling plaintiff then and there objected and excepted, and caused his bill of exceptions to be filed and made a part of the record.

The ruling was erroneous. The district court had unquestioned jurisdiction of the cause of action. (Comp. Laws 1879, p. 420, § 86; *Shoemaker v. Brown,* 10 Kas. 383.) And the voluntary and general appearance of the administrator in the district court gave it jurisdiction of the parties. (*Hefferlin v. Stuckslager,* 6 Kas. 166; *Cohen v. Trowbridge,* 6 Kas. 393; *Carver v. Shelley,* 17 Kas. 474; *Hass v. Lees,* 18 Kas. 454; *Shuster v. Finan,* 19 Kas. 116; *Dickson v. Randal,* 19 Kas. 212.)

The judgment will be reversed, and the case remanded for further proceedings.