## W. H. H. FREEMAN v. SAMUEL HILL.

1. JUDGMENT *Set Aside — Discretion of Court.* Where an application is made to set aside a judgment rendered upon default at the same term at which the judgment is rendered, and the trial court vacates the judgment and permits the defendant to file an answer asserting a meritorious and valid defense, its ruling in that regard is clearly within its sound judicial discretion.

2. STATUTES OF LIMITATION — *Presumption — Repose.* In this state statutes of limitation are regarded not as statutes of presumption, but as statutes of repose, and a trial court may, in its sound judicial discretion, permit a defendant to file an answer out of time, pleading the statute of limitations.

3. APPEAL — *No Undertaking, When.* Executors, administrators and guardians who have given bond in this state, with sureties, according to law, are not required to give an undertaking on appeal or proceedings in error. (Civil Code, § 577.)

*Error from Marshall District Court.*

THE opinion states the case.

*W. H. H. Freeman,* plaintiff in error, for himself.

*Ed. A. Berry,* and *John V. Coon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On November 14, 1885, W. H. H. Free-man commenced his action against Samuel Hill before a jus-tice of the peace of Marshall county to recover $75 upon an appeal bond executed by Ed. W. Waynant, as administrator of the estate of J. B. Waynant, deceased, as principal, and Samuel Hill as surety. On December 1, 1885, he filed an amended bill of particulars claiming $185, setting up three causes of action, the second and third causes being new. Hill, by his attorneys, made a motion to strike out causes two and three, because they were not stated in the first bill of particu-lars, or in the summons. The justice sustained the motion. The case was then tried before the justice and decided in fa-vor of Hill. Freeman appealed to the district court. On April 1, 1886, he filed in the district court a petition alleg-ing three causes of action, one on the bond, one for attorney fees, and one for a pump, to be taken out if not satisfactory.

At the August term of the district court for 1886, no an-swer having been filed, Freeman moved for judgment upon the pleadings for $185. This was granted. Soon afterward and at the same term, the judgment was set aside on the ap-plication of Hill, and on the 7th day of September, 1886, Hill filed an answer, pleading, among other things, the stat-ute of limitations. On the 2d day of September, 1887, Hill obtained leave to amend his answer. To this answer, Free-man filed his reply. Trial had before the court with a jury. On September 3, 1887, a verdict was returned in favor of Hill, and judgment was entered accordingly. Freeman ex-cepted, and brings the case here.

It is claimed by him that the trial court erred in setting

aside the judgment rendered upon default, and also erred in allowing Hill to file an answer pleading the statute of limitations. The application to set aside the judgment was made at the same term at which the judgment was rendered. The action of the court in that matter rested, to a very great extent, in its sound judicial discretion. Subsequently, an answer was filed and the parties had a trial before a jury. Under such circumstances, a reviewing court will not interfere with the vacation of a judgment by the trial court, unless it appears that the trial court has abused its power. This is not shown. (*Spratley v. Insurance Co.*, 5 Kas. 155; *Flint v. Noyes*, 27 id. 351.)

There was no error in permitting Hill to plead the statute of limitations. In this state such statutes are favorably considered. (*Taylor v. Miles*, 5 Kas. 498.) In that case it was said that —

"When the statute has run its full time, the effect is to leave the parties in possession of just what they had before — nothing more and nothing less, and neither party has a right of action against the other; the injured party has lost his remedy."

At one time, the decisions of the courts were largely in favor of regarding statutes of limitation as statutes of presumption, but now they are generally considered, as in this state, as statutes of repose. (*Sibert v. Wilder*, 16 Kas. 176.) Under some of the decisions, where statutes of limitation were regarded as statutes of presumption only, an answer pleading such statutes was not considered meritorious or treated with favorable consideration. In this state, however, as statutes of limitation are statutes of repose, such a ruling does not apply.

The court may allow a party to file his answer out of time, whether he pleads payment or the statute of limitations. It is a matter within the discretion of the trial court, and unless that discretion is abused, its ruling will not be reversed.

It is also urged that the instructions of the trial court were erroneous, and therefore that the plaintiff was denied a fair

trial. The trial court instructed the jury to disregard the evidence introduced under the first cause of action, and also stated to the jury that the plaintiff had not shown any facts to entitle him to recover thereon. Section 577 of the civil code reads:

"Executors, administrators and guardians who have given bond in this state, with sureties, according to law, are not required to give an undertaking on appeal or proceedings in error."

Section 185 of civil procedure before justices reads:

"The provisions of an act entitled 'An act to establish a code of civil procedure,' which are, in their nature, applicable to the jurisdiction and proceeding before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

The bond executed by Waynant, as administrator, and by Samuel Hill as surety, cannot be regarded as a statutory bond. It cannot be considered good as a common-law bond, because Waynant as administrator had the right to appeal without giving any undertaking; therefore no benefit was obtained by the execution of the bond, and no injury or damage resulted from its execution to the plaintiff or to anyone else.

Again, the action in which the bond was given has never been disposed of and is still pending before the district court of Marshall county. At the December term of the district court of Marshall county for 1880, Waynant made a motion to dismiss the action brought against him by Freeman, upon the ground that the court had no jurisdiction. The court granted this motion, but its ruling was reversed by this court. (*Freeman v. Waynant*, 25 Kas. 279.) The mandate of this court was sent to the court below and filed May 14, 1881, but nothing seems to have been done with the case since that time. Upon the facts disclosed, plaintiff could not recover upon the bond—the first cause of action.

It is not shown by the record that all the evidence is preserved, and therefore we cannot say from the record as presented that the court committed any error in the other

instructions referred to.   If the plea of the statute of limitations was supported by sufficient evidence, the instructions given by the trial court stated correctly the law.

A claim is made, that as the affidavit to the answer alleged Hill was a non-resident of the state at the time the answer was filed, therefore that the causes of action of plaintiff were not barred.   This, however, depends upon the evidence presented to the court, all of which is not shown to be in the record.   If the claims of plaintiff were barred by the statute before Hill became a· non-resident, the point presented is without force.

The judgment of the district court will be affirmed.

All the Justices concurring.